# Perrett's Estate.

*Jurisdiction, O. C.—Discharge of administratrix—Appeal—Review of discretion.*

The Act of May 1, 1861, P. L. 680, invests the orphans' court with jurisdiction to dismiss an administratrix pendente lite, who has, in the opinion of the court, brought herself within the class of cases in which provision is made for a discharge, and the appellate court will not reverse such an order unless a clear abuse of discretion is manifest.

*Party interested—Removal of administratrix.*

Any party interested in an estate where contest has been made and administration raised, pendente lite, has standing under the act of 1861 to invoke action of the orphans' court for the removal of the administratrix, pendente lite upon cause shown.

Argued April 27, 1900. Appeal, No. 161, April T., 1900, by Sarah Perrett, in the matter of the estate of Michael Perrett, deceased, from decree of O. C. Allegheny Co., April T., 1898, No. 108, discharging administratrix pendente lite. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Petition of Henry Perrett, son of Michael Perrett, deceased, praying for the discharge of Sarah Perrett, widow of Michael Perrett, deceased and administratrix of his estate. Before the court in banc.

The following facts appear from the record :

Michal Perrett died February 17, 1896, at his home on California avenue, in the city of Allegheny, aged seventy-nine years, seized of real estate variously estimated at from $30,000 to $40,000 and personal property consisting of mortgages, notes and cash to the amount of about $7,900.

Sarah Perrett, about two weeks after her husband's death, presented for probate a will dated February 11, 1896, against which a caveat had been filed by Henry Perrett, in which the decedent devised his entire estate to his wife, Sarah Perrett, and nominated his daughter, Eliza Perrett, sole executrix under said will.

On April 8, 1896, Sarah Perrett, by agreement of the counsel for Henry Perrett, the petitioner in this case, Thomas M. and Rody P. Marshall and John N. Dunn, counsel for Sarah Perrett, was appointed administratrix pendente lite and gave bond in the sum of $15,000 with Geo. Wittmer and Fred Braun as sureties.

On February 7, 1898, the said Sarah Perrett filed an inventory of the personal estate of which the said Michael Perrett died siezed, showing a total of $7,920.

An issue was awarded, trial had and verdict was against the will.

On February 17, 1898, the said Sarah Perrett presented a will of the said Michael Perrett, dated June 10, 1895, for probate, in which said decedent devised all his estate to the said Sarah Perrett, against the probate of which a caveat was again filed by Henry Perrett, issue awarded, and the cause is now pending in the court of common pleas No. 2 of Allegheny county.

On April 13, 1898, Henry Perrett, caveator, through John O. Petty, Esq., his attorney, filed a petition at No. 108 April term, 1898, of the orphans' court of Allegheny county, asking that the said Sarah Perrett be removed from the office of administratrix.

The court entered the following decree :

[And now, to-wit, November 24, 1899, this cause came on to be heard, upon petition and answer, and testimony taken, and was argued by cousel, and upon consideration thereof, it appearing to the court that Sarah Perrett, the administratrix, pendente lite has deposited money of the estate in her own name,

and has not kept proper and intelligible accounts in regard to the affairs of the estate, she is hereby discharged from her trust, and the register is directed to appoint some suitable person or trust company in her stead, costs to be paid out of the estate.] [2]

Sarah Perrett appealed.

*Errors assigned* were (1) in entertaining jurisdiction of the cause and entering the decree discharging the administratrix. (3) In entering the decree, reciting same.

*L. K. Porter*, with him *S. G. Porter* and *John N. Dunn*, for appellant.—What is meant in the Acts of March 29, 1832, P. L. 190 and May 1, 1861, P. L. 680, by the words " Any person interested ? " In Keene's Appeal, 60 Pa. 504, the above question has been answered by this court in an opinion by Agnew, J.

In consequence of the above decision, the Act of April 17, 1869, P. L. 70, was passed to protect contingent interests.

This court, in Keene's Appeal, 64 Pa. 273, in an opinion by Sharswood J., reaffirms the case of Keene's Appeal, 60 Pa. 504.

By virtue of the Act of April 17, 1869, P. L. 70, no doubt the court had jurisdiction to direct Sarah Perrett, the administratrix, pendente lite, to file an account and perhaps give security, but the court had no power to discharge: Cohen's Appeal, 2 Watts, 175.

Where the ground of such an application is the pending of a proceeding to set aside a will, the jurisdiction, it would seem, is with the register under March 15, 1832: Stewart's Estate, 7 C. C. 603.

The will is prima facie the proper will of the testator until revoked, and until then stands in full power as well as the letters granted thereon. Smith's Estate, 14 C. C. 161.

The fact that the account was kept in her own name, if the administration was honest, and in view of the further fact that no complaint was made, not even in the petition, might have justified the court, after hearing, in directing that it be changed, but not in discharging her.

*John O. Petty*, for appellee.—Since the passage of the Act of May 1, 1861, P. L. 680, the removal of an executor or other personal representative of a decedent has been a question of

discretion with the court: Kellberg's Appeal, 86 Pa. 129, and cases cited; Dayton's Estate, 1 Kulp, 118. Gross ignorance of duty is ground for removal: Nicholson's Appeal, 20 Pa. 50.

Under the act of May 1, 1861, an administrator can be removed in a proper case without requiring security: Green's Est., 3 Brewster, 427.

Therefore, in this case, the words "persons interested" in the act of May 1, 1861, supra, cannot describe only such persons as are interested in the distribution, for the administrator pendente lite makes none, but must mean such person as is interested in the proper management of the estate until the real parties in interest are determined.

The act of May 1, 1861, supra, is complete in itself, and to ascertain the method of procedure under it no reference is required to the 57th section of the act of March 29, 1832, regulating general procedure in the orphan's court, and construed in Keene's Appeal, 60 Pa. 504, nor to the Act of April 17, 1869, P. L. 70, apparently passed to meet the exigencies of Keene's Appeal, and which applies in terms only to "owners of contingent interests in personal property of any decedent," "executors and administrators," and to "legatees of previous interest."

An administration pendente lite is a limited trust, and extends only, as the name indicates, during the pendency of a suit. There is no necessity for a citation to revoke the letters pendente lite: Com. v. Mateer, 16 S. & R. 416.

When an administrator pendente lite ·has been appointed pending the determination of the validity of a will, he continues his administration during the litigation. He should then file his account, like any other administrator, with the register, which in time is settled by the court: Fow's Estate, 20 Phila. 128.

OPINION BY WILLIAM W. PORTER J., July 26, 1900:

The objections to the decree entered by the court below dismissing the administratrix pendente lite are that the court was without jurisdiction; that the decree was without sustaining proofs; and that the petitioner was without standing.

By the act of May 1, 1861, it is provided that, "Whenever it shall be made to appear to the proper court having jurisdic-

tion of the accounts of any executor, administrator, . . . . or
other trustee, on the oath or affirmation of any person inter-
ested, that such executor, administrator, . . . . or trustee is
wasting or mismanaging the property or estate under his charge,
or that, for any reason, the interests of the estate or property
are likely to be jeopardized by the continuance of any such
executor, administrator, . . . . or trustee, . . . . then and in
every such case, it shall and may be lawful for such court, or for
the said president judge, to issue a citation to such executor,
administrator, . . . . or trustee, requiring him to appear on a
day certain, to answer the charge; . . . . and if, on the hear-
ing, the said court shall be satisfied of the truth of the matters
charged, the said court . . . . may, in their discretion, . . . .
vacate the letters of administration, . . . . and remove such
administrator, . . . . or trustee, and award new letters, . . . .
to be granted by the register or by the court, in such form as
the case may require, or appoint some suitable person to dis-
charge such trust, upon such security as the court may require."

The provisions, thus quoted, are an answer to the objection
made by the appellant to the jurisdiction of the orphans' court
in dismissing the administratrix pendente lite, who has, in the
opinion of the court, brought herself within the class of cases
in which provision is made for a discharge. The duties of an
administratrix pendente lite are the conservation of the assets
of the decedent's estate until the end of litigation. The office
is included both within the term "administrator" and within
the broader term "trustee" used in the act. The trust is of a
character to bring the trustee within the jurisdiction of the or-
phans' court: Kellberg's Appeal, 86 Pa. 129. The appellant
contends that the proceeding is defective because no citation
issued. The purpose of a citation being to bring the respond-
ent into court, it is accomplished in this case, inasmuch as the
respondent has appeared and made answer. The decree recites
that the dismissal is ordered because the administratrix "has
deposited money of the estate in her name, and has not kept
proper and intelligible accounts in regard to the affairs of the
estate." It is to be observed that the act, above quoted, gives
the court, in terms, a discretion in the matter of the removal
of an administrator or trustee. We would, therefore, not re-
verse such an order, unless a clear abuse of discretion were

manifest. In the present case, there is in the testimony that which justifies the findings upon which the decree is based. The appellant, by her own testimony, shows that she has commingled the trust funds with her own and that her accounts, (while perhaps intelligible to herself), are not such accounts as should be kept by one having the custody of trust funds.

We have no doubt that the present petitioner has standing as a party in interest, to petition for the removal of the administratrix pendente lite. By the terms of the will, (which was not admitted to probate, but which has been successfully contested), the estate would have passed to the widow, the administratrix pendente lite. The overthrow of the will produced an apparent intestacy, which made the petitioner for the discharge a party directly interested. But the widow and administratrix pendente lite has produced another will. This has been offered for probate. Upon it a contest is being made. It is possible that her office of administratrix ceased with the litigation over the first will, except so far as she was bound to account, and that a new administration should have been raised pendente lite when the contest over the second will was begun. Be this as it may, however, where a will has not been admitted to probate and an issue devisavit vel non has been granted, it cannot be said that the parties named in the will have any greater interest in the estate than the heirs at law, or parties interested as against the will, pending the controversy. In a sense, all interests in the estate are contingent. All stand in practically the same relation to the estate. All parties have an interest in the preservation of the estate, pending the litigation. Were it otherwise, none, save a creditor, would have a standing to call an administrator pendente lite to account and ask for his discharge, though the estate might be in danger of being most wantonly wasted.

The appellant cites to us the act of April 17, 1869, providing that the owner of any contingent interest in the personal property of any decedent may require the filing of an account by the administrator in the orphans' court. It is argued that this act gives no power to the orphans' court to discharge an administrator, but only to require the filing of an account. The owner of a contingent interest, for whose protection the act of April 17, 1869 was passed, is one having an interest in an es-

tate under process of administration generally. Here the right is of a party interested in an estate where contest has been made and administration pendente lite raised. It comes within the act of May 1, 1861.

We are of opinion that the objections raised by the present appellant are not well founded and the decree of the court below is, therefore, affirmed.