## Bell's Estate (No. 1).

*Trusts and trustees—Removal—Discretion of court—Act of May 1, 1861, P. L. 680—Evidence.*

The discretion vested in the court of common pleas by the act of May 1, 1861, to remove a trustee whenever the said court shall be satisfied that the trustee is wasting or mismanaging the trust estate, or that for any reason such estate is likely to be jeoparded by the continuance of such trustee, will not be reviewed by the appellate court where the evidence shows that the trustee was negligent, incompetent and dissipated, that he mixed the trust funds with his own, and neglected to charge himself with all of the funds received.

Argued May 11, 1910. Appeal, No. 78, April T., 1910, by Edward Sergeant, Trustee, from decree of C. P. Lawrence Co., Dec. T., 1906, No. 29, removing Trustee in Estate of John Bell, deceased. Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition to remove trustee. Before PORTER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was decree removing the trustee.

*A. W. Gardner,* with him *J. K. Wallace,* for appellant.— It is not the duty of the court to refuse to remove a trustee at the mere whim or caprice of the beneficiary. There should be a substantial reason appearing to the court before it removes the trustee who enjoyed the confidence of the person who created the trust and who by reason of his fitness for executing it, was empowered to act as trustee: Morgan's Est., 26 W. N. C. 236; Thomas's Est., 11 Pa. Dist. Rep. 256; Mulley's Est., 17 York, 102; Bryson v. Wood, 187 Pa. 366; Ingles's Est., 76 Pa. 430; Williams's App., 73 Pa. 249; Merkel's Est., 131 Pa. 584; Neafie's Est., 199 Pa. 307; Stevenson's App., 68 Pa. 101; Price's Est., 209 Pa. 210.

*Robert K. Aiken*, with him *W. D. Wallace*, for appellees, cited: Parsons's Est., 82 Pa. 465; Nicholson's Est., 20 Pa. 50; Piper's App., 20 Pa. 67; Wilson v. Pennock, 27 Pa. 238; Kellberg's App., 86 Pa. 129; Bryson v. Wood, 187 Pa. 366; Perrett's Est., 14 Pa. Superior Ct. 611.

OPINION BY HENDERSON, J., July 20, 1910:

This case comes up on an appeal from the decree of the court of common pleas removing the appellant as trustee of the estate devised to him under the will of John Bell. The jurisdiction of the court is not questioned and the only point contended for by the appellant is that the evidence was not sufficient to warrant the action of the court. The proceeding originated on the petition of two of the cestuis que trustent setting forth that the trustee had mismanaged the estate, was insolvent and had become an unfit person to execute or look after the duties of the trust and praying the court to remove him as such trustee. The case was heard before the presiding judge and evidence was taken showing the manner in which the trustee had discharged his duties, the form of his accounts and his habits. Testimony relating to the latter subject was taken in the orphans' court in a proceeding to remove the appellant as executor of the same will and the evidence in that case was also before the court. After a consideration of all of the evidence the court found that the appellant had mismanaged the estate, had become incompetent to discharge the duties of his trust and that such incompetency was likely to continue to the injury of the estate under his control. The trustee and the witnesses were before the court and an opportunity was thus given to duly estimate the value of the testimony given. There was evidence showing neglect, incompetency and dissipation. It was also shown that the trustee mixed the trust funds with his own and that he neglected to charge himself with all of the funds received. The conclusion of the court was, therefore, supported by competent evidence. The Act of May 1, 1861, P. L. 680, vests in the court a dis-

cretion to remove a trustee whenever the court shall be satisfied that such trustee is wasting or mismanaging the property under his charge or that for any reason the interests of the estate or property are likely to be jeoparded by the continuance of such trustee. This discretion must be exercised, of course, on proper evidence, but where testimony of the character implied in the act of assembly is presented the action of the court ought not to be reversed except where it is very clearly made to appear that there was an abuse of discretion: Piper's Appeal, 20 Pa. 67; Wilson v. Pennock, 27 Pa. 238; Perrett's Estate, 14 Pa. Superior Ct. 611. A careful examination of the evidence does not satisfy us that there was such abuse of discretion. Giving credit as the court evidently did to the evidence in support of the petition facts appeared such as warranted the decree of the court under the act of assembly.

The decree is affirmed at the cost of the appellant.