## Bell's Estate (No. 2).

*Executors and administrators—Removal—Discretion of court—Act of May 1, 1861, P. L. 680—Evidence.*

1. The discretion vested in the orphans' court by the act of May 1, 1861, to remove an executor, will not be reversed by the appellate court, unless the latter court is convinced that the orphans' court abused the discretion vested in it.

2. A decree of the orphans' court removing an executor will not be reversed where the evidence tends to show that the executor had mingled the funds of the estate with his own funds, that his accounts were improperly kept, and that his intemperate habits disqualified him from the further discharge of his duties.

Argued May 11, 1910. Appeal, No. 73, April T., 1910; by Edward Sergeant, from decree of O. C. Lawrence Co., Dec. T., 1907, No. 20, discharging him as trustee of the Estate of John Bell, deceased. Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for the removal of an executor. Before
PORTER, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree removing executor.

*A. W. Gardner*, with him *J. K. Wallace*, for appellant.

*Robert K. Aiken*, with him *W. D. Wallace*, for appellees.

OPINION BY HENDERSON, J., July 20, 1910:

This case was argued with No. 78, April Term, 1910,
ante, p. 60, and involves practically the same question
as was raised in that appeal. The appellant was executor
of the will of John Bell and two of the legatees instituted a
proceeding in the orphans' court to secure the removal of
the executor for squandering and mismanaging the estate
and for incompetence. The testimony taken in the pro-
ceeding to remove the appellant as trustee under the same
will was offered in evidence in this proceeding and was con-
sidered by the court. The only question involved is the
sufficiency of the evidence to support the decree. The
court exercised a discretion authorized by the Act of May 1,
1861, P. L. 630, in making the order complained of and that
action can only be reversed when we are convinced that the
court abused the discretion so vested: Perrett's Estate,
14 Pa. Superior Ct. 611. We were unable to so find in
the proceeding to remove the appellant as trustee and as
the evidence in that case was before the orphans' court
when this case was determined it necessarily follows that
the affirmation of the decree in the appeal from the court
of common pleas leads to a like result in this case. There
was evidence from which it might be concluded that the
appellant had mingled the funds of the estate with his own
funds, that his accounts were improperly kept and that
his intemperate habits disqualified him from the further
discharge of his duties. As the appellant and the witnesses
were not before us we have not the same opportunity

to estimate the worth of their testimony which the court below had. It was clear to that court that the accountant had mismanaged the estate and that he was not competent to administer it. This was not necessarily a reflection on his integrity but bears on his judgment as a trustee and on his personal habits.

We are not satisfied that the court abused the discretion which the law gives and the decree must be affirmed.