## Tanner's Estate.

*Practice, O. C.—Executors and administrators—Misconduct of executor— Entry of satisfaction of judgment against himself—Security—Removal.*

Where an executor of his wife's estate, shortly after taking out letters, enters satisfaction of a judgment held against him by his wife without paying anything to the estate, and his only asset is a farm steadily depreciating in value and possibly not equal in value to the amount of the judgment, the court will enter a decree directing him to enter security, and upon his failure to do so will remove him from the executorship.

Citation on executor to enter security or be removed. O. C. Montour Co.

*H. Mont. Smith,* for citation; *R. S. Hemingway,* contra.

POTTER, P. J., 17th judicial district, specially presiding, Oct. 24, 1925.— Annie M. Tanner, deceased, was, at the time of her death, the wife of Benjamin B. Tanner, the respondent.

Tanner's Estate.

By due course of law he became the executor of her estate, which consists of household goods inventoried at the sum of $227.95, and a judgment against her husband, the executor and respondent, of $3500, entered as of No. 3, May Term, 1922, in the Common Pleas of Montour County, which is all the estate of which she died seized that has been brought to our attention.

The decedent left to survive her, among others, two children by a former husband, namely, Helen Wolfe and Martha Wolfe, who are minors, of whom Mr. I. R. Wolfe was duly appointed guardian, who are entitled to share in the proceeds of their mother's estate.

This guardian, for reasons set out in his petition, took out a citation on this executor to either enter security for the amount he owed the estate of his deceased wife or show cause why he should not be removed from the executorship, which citation we have before us for disposal.

On Aug. 29, 1922, just twenty-six days after the death of his wife, this executor entered satisfaction of the said judgment against him of $3500, having paid into the estate of his deceased wife nothing for it. When this matter was subsequently brought to the attention of the court, the said satisfaction was stricken off and the life and lien of the judgment was restored. We can only say that this hasty and illegal act on the part of this executor does not at all look good on its face. He says it was done by advice of counsel. If it was, it was very bad advice. If it was done by the executor at his instance, then it looks all the worse, so far as he is concerned, and this act alone seems to us ample grounds for making the citation absolute.

We have before us testimony tending to show that the farm of this executor, against which the said judgment of $3500 is a lien, is practically untenanted; that its productiveness is very small; that it is being permitted to fall into a state of dilapidation and is depreciating in value. This testimony is contradicted by witnesses called in his behalf; but with no tenant on the farm, the buildings standing unoccupied, with the meagre crops raised on the fields of the farm, we are very strongly inclined to the belief that it is depreciating in value. Some of the witnesses place a value on this farm of $2500, or $1000 less than the judgment against it, while others place a value on it of $4500, thus giving a margin of $1000 for depreciation to the amount of the judgment, and if permitted to further depreciate to any extent, even with a value of $4500 upon it, he would soon prove to be insolvent, the very thing that should not happen, so far as concerns his relation as a debtor of his deceased wife's estate. However this may be, we do not know, but whatever be its market value, as before stated, we are inclined to the belief that its value is declining, and this farm is the only security that has come to our notice for the protection of this said judgment of $3500 against it, and in which these two minor children must be greatly interested, to say nothing about accumulating interest on the judgment, which we naturally presume follows.

We are also inclined to the belief that this executor's interests are not in harmony with that of the said two minor children of his deceased wife, and that while occupying his fiduciary relation relative to his deceased wife's estate and the interests therein of her minor children, he should either enter proper security or be removed from his fiduciary relation.

We feel there is abundant authority for this position, both in legislative enactments and in the decisions of our appellate courts, among which we may cite the Act of March 29, 1832, § 22, P. L. 190, the Fiduciaries Act of June 7, 1917, P. L. 447, the Act of May 1, 1861, P. L. 680, the cases of Fagan's Estate, 3 Dist. R. 181; McDowell's Estate, 10 Dist. R. 223; Miller's Estate, 264 Pa. 310; Bell's Estate (No. 2), 44 Pa. Superior Ct. 62; Henry's Estate, 54 Pa.

Superior Ct. 274; Sharpless's Estate, 209 Pa. 69, as well as many kindred cases, the citation of which, under the facts in this case, we deem it useless with which to burden the record.

And now, to wit, Oct. 24, 1925, in accordance with our views herein expressed, the citation is made absolute, and it is ordered, directed and decreed that the said executor, Benjamin B. Tanner, enter into security, to be approved by the Orphans' Court of Montour County, in the sum of $4000 within thirty days from this date, and till this is done, all his acts as executor of his deceased wife's estate to be stayed, and in default of which at the expiration of that time, he is automatically removed from the executorship of the estate of Annie M. Tanner, deceased.