# ⸱Bredin *against* Kingland.

An action of account render will lie against an attorney at law for moneys received for his client.

In general this action lies wherever one man has received moneys as the agent of another.

An attorney at law who collects money and neglects or refuses to pay it over to his client until sued for it, is entitled to no compensation for his professional services.

ERROR to the district court of *Alleghany* county.

Lawrence Kingland and others, partners, &c. against John Bredin, Esq.

The plaintiff in error was the defendant below.    This was an action of account render, in which the defendant was charged as "bailiff of the plaintiffs, and receiver of money, from whatever cause or contract, to the common advantage of the said plaintiffs and said defendant, as by law the plaintiffs may show to him, he ought to render."

The first count charges the defendant, as bailiff of the plaintiffs, from, &c. to, &c., and during said time had the care and charge of their merchandize and mechanical business, of the value, &c., to manage, &c., for the common benefit of said plaintiffs and said defendant, and to render a reasonable account of the profits thereof, &c.

. The second count charges the defendant as receiver of moneys for the common advantage of the said plaintiffs and said defendant, from, &c. to, &c., and as such did receive moneys to them coming from, &c., to the amount, &c., and to render a reasonable account thereof to the said plaintiffs when, &c.

[Bredin v. Kingland.]

The pleas are *ne unques* bailiff and receiver, and fully accounted.

The proof was that the defendant had brought an action of debt and recovered the money in a suit, James Hill, for the use of Kingland, Lightner & Co., the plaintiffs in this suit, and recovered the money, which he neglected to pay over, and refused, upon demand made.

The points made in the court below were: that the relation of counsel and client will not support the action of account render: that an attorney is not a receiver, for that a receiver cannot be allowed expenses: that the accounts were received from Hill, and therefore there was no privity between the parties to this suit. But the court (Grier, president) ruled that the plaintiff was entitled to recover; and that if the jury believed that the defendant received the money of his client, and neglected or refused for a length of time to render an account of it, and compelled his client to have recourse to a suit to recover his money, he forfeits all claim for compensation for professional services.

*Livingston* and *Foster*, for plaintiff in error, cited, 3 *Thom. Coke* 372, 373; 1 *Dall.* 365; 15 *Serg. & Rawle* 159; 1 *Bac. Ab., tit. Account;* 6 *Johns. Chan.* 358.

*M'Candless* and *Fetterman, contra,* cited, 3 *Penns. Blac.* 46; 1 *Bac. Ab.* 36; 12 *Mod.* 509; *Kirb. Rep.* 163; 1 *Amer. Dig.* 155; 3 *Day* 390; 2 *Watts* 95; 8 *Mass. Rep.* 51; 4 *Conn. Rep.* 507.

The opinion of the Court was delivered by

Rogers, J.—The declaration contains two counts, charging the defendant, first, as bailiff, and secondly, as receiver. The plaintiff in error assigns four errors: that the relation of counsel and client will not sustain an action of account render; that there is no privity of contract between the parties; that the court charged the jury that when an attorney receives money for his client, and neglects or refuses for a length of time to render an account of it, and his client is compelled to have recourse to a suit to recover his money, such attorney forfeits all right to claim any deduction as compensation for his services; and that the evidence does not support the counts in the declaration. I will examine each of the errors in their order.

First; that the relation of counsel and client will not sustain an action of account render. It was in evidence before the jury, that the plaintiff placed certain claims against various individuals in the hands of the defendant, who, at the time, was a practising attorney, for collection, part of which, it is admitted, was received by him. The object of the action is to obtain an account of the money so collected, and payment of it; and, under the circumstances, it would be cause of regret if the action could not be sustained, as it is obvious the party would be without an adequate remedy. In James *v.* Brown, 1 *Dall.* 339, M'Kean, chief justice, holds this language: "the ne-

[Bredin v. Kingland.]

cessity of a liberal extension of the action of account render between joint partners is apparent, not only from the nature of the case, but from this circumstance also, that the parties would be destitute of any means to arrive at justice ; for the action on the case, though beneficially construed in modern practice, would certainly be inadequate ; and we have no court of chancery to interpose an equitable jurisdiction. The same necessity, and for the same reason, exists in the case under discussion as in the case of joint partners. A bailiff is defined to be one who has charge of lands, goods and chattels of another to make the best profit for the owner, and to have his reasonable charges and expenses deducted ; and is accountable for the profits he reasonably might have made. *Co. Litt.* 172 ; 3 *Penn. Bl.* 46 ; 1 *Dall.* 340 ; 1 *Bac. Ab.* 17, 19. Although the case of an attorney entrusted to collect money for his client may not be included in the words of this definition, yet, by an equitable construction, it may be so enlarged as to embrace his case. There can be but little doubt that if relief could not be had in chancery, the courts of common law in England and in this country, in order to accomplish justice, would have done what we are compelled to do ; for it is the duty of judges to see the laws faithfully administered, and to promote the proper means of attaining that end. In Huntingdon *v.* Runel, 3 *Day's Rep.* 390, a case which, in some of its features, resembles the present, an attorney was charged as bailiff, without objection. It does not seem to have occurred, either to the court or counsel, that he was not liable in that character. It is said there is a distinction in the law as to bailiff, and receiver ; the former being entitled to reasonable expenses, which the latter is not. The distinction is not universally true, as it does not apply, confessedly, to partners ; but admitting the soundness of it, it rather serves to strengthen the position that an attorney must be treated as a bailiff, and not a receiver : that he may not be deprived, when he has acted faithfully and honestly, of a just compensation or of his reasonable expenses. There is no distinction, in *reason*, between an attorney at law, and an attorney in fact ; and it would be a great defect in the jurisprudence of this state, if the latter was not liable to account in this form for moneys received for his principal.(*a*)    It would be an inconvenience to the mercantile community, who would be deprived of one means, and in some cases a very efficacious one, of ascertaining the amount and enforcing the collection of moneys received by their agents. For these reasons we think the action is well brought ; and that in general an action of account render will lie in all cases where one man has received money as the agent of another, and where relief may be had in chancery.

The second objection is founded on a misapprehension of the facts.

(*a*) If a sheriff levies the money upon a *fieri facias*, though he make no return to the writ, an action of debt, *account* or *assumpsit* will lie against him. 1 *Sellon's Prac.* 530 ; *Sir William Jones* 430 ; *Roll. Ab.* 598, 921.

[Bredin v. Kingland.]

There is a privity of contract; for the suit on which the money was collected was brought by Bredin as attorney for the plaintiffs in this action.

The third objection is, that the court erred in charging the jury, that where an attorney receives money for his client, and neglects or refuses for a length of time to render an account of it, and his client is compelled to have recourse to a suit to recover his money, such attorney forfeits all right to claim any deduction as compensation for his services. In this direction we perceive no error; for why should the defendant receive compensation when he has performed no service. It amounts to nothing more nor less than the substitution of one debtor for another. The debt is not nearer collection than before; and it is apparent that if the plaintiff should be equally unfortunate in the selection of agents, the whole amount will be consumed under pretence of collection. The retention of money by an attorney is a flagrant breach of trust, for which he renders himself liable to attachment, and, in some cases, to have his name stricken from the roll. In the case of Leonard Ellmaker's estate, decided at the last term at Harrisburg, and not yet reported, (*a*) the court ruled that an administrator was not entitled to commissions where he had been guilty of fraud. The same principle was decided in Brackett *v.* Norton, 4 *Conn. Rep.* 518. It was there ruled that if an attorney, after having obtained final judgment and execution, prevent the collection of the execution by fraudulent conduct, this will be a violation of his duty as attorney, and will deprive him of all legal claim for his services in procuring such judgment and execution. It is the duty of an attorney, in a reasonable time, to inform his client of the receipt of money, and either transmit it to him or hold it subject to his order. A neglect or refusal to do so, or to render an account, is such fraudulent conduct as deprives him of all right to claim compensation for his services.

The fourth and last point is, that the evidence does not support the counts in the declaration. This is a point not without difficulty; but inasmuch as it does not appear that it was brought into the view of the court of common pleas, we do not feel ourselves at liberty to reverse the judgment for that reason.

Judgment affirmed.

(*a*)　4 *Watts* 77.