## Hill v. Whiteside, Appellant.

*Lunacy—Weak-minded persons—Guardians—Adverse interest —Removal of guardian.*

The guardian of a weak-minded person will be removed where it appears that the interest of the guardian is plainly adverse to that of his ward, as where the former is also administrator of the estates in which the ward has an interest antagonistic to his own; and it is immaterial in such a case whether the guardian has been diligent or delinquent.

Argued May 21, 1912. Appeal, No. 193, Jan. T., 1912, by W. C. Whiteside, guardian of John T. Hill, a weak-minded person, from order of C. P. Lancaster County, Trust Book No. 18, p. 322, making rule for removal absolute in case of John T. Hill by his next friend, the Lancaster Trust Company, v. William C. Whiteside, guardian. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for removal of guardian. LANDIS, P. J., filed the following opinion:

In this case, the petition of John T. Hill sets forth that, on January 20, 1902, William C. Whiteside was appointed his guardian as a weak-minded person; that the said guardian has never filed an inventory; that he has had charge of a farm belonging to the petitioner, and has received the proceeds, but has rendered no account thereof; that he has, in addition, not properly maintained and supported the petitioner. It is also asserted that Whiteside is the administrator, d. b. n., of the estates of Mary C. Hill and Winfield S. Hill, and as such, has long had in his possession moneys belonging to John T. Hill, which he should have collected, turned over and invested. Numerous other charges are made in the petition, and a supplemental petition has been filed; but we do not think they are necessary for the determination of the real question involved.

It appears that the estates of Mary C. Hill and Winfield S. Hill have been adjudicated in the Orphans' Court, and that exceptions have been filed to that adjudication by the accountant. John T. Hill seems also to have filed exceptions, but, whether he did or not, his interest appears plainly to be adverse to that of his guardian. The thirteenth exception filed by the guardian alleges that "the said John T. Hill having been decreed by the Court of Common Pleas a weakminded person, and a guardian having been appointed by said court, he has no legal standing to file said exceptions."

We have, therefore, the following incongruous situation: John T. Hill has an interest in the estates of Mary C. Hill and Winfield S. Hill, of which William C. Whiteside is the administrator. At Hill's instance, Whiteside has been surcharged with certain amounts in those estates by the Orphans' Court. Whiteside claims that Hill has no legal standing to file exceptions to his accounts, as there is a guardian appointed by this court,

and the inference is that it is the duty of that guardian to do so. But Whiteside is the guardian also, and, of course, he will not file exceptions to his own accounts as administrator. Such a situation should not be permitted.

In Kellberg's App., 86 Pa. 129, it was held that, "where it is clear that the relations between the administrator and the legal representatives of a decedent are not harmonious, and it is manifest the interest of the administrator is adverse to those of such representatives nothing but some controlling necessity will justify his retention as administrator. Mr. Justice WOODWARD, delivering the opinion of the court, said: "It is clear that the relations between the administrator and the legal representatives of the decedent are not harmonious. It may or may not be that a continuing liability for the quarterly payments stipulated for in the agreement of the 4th of April, 1874, survived Kellberg's death. Whatever the event, the question is one which the appellant has a right, in a proper forum, to have tried. The manifest interest of the administrator is on the side of the company, and there would be not only incongruity, but hazard of delay, mistake or wrong, in leaving him to represent a claim to which his business relations render him directly adverse. Nothing but some controlling necessity would justify his retention in his position, and no such necessity is indicated by the facts presented." In Bryson v. Wood, 187 Pa. 366, it was held that a person to whom a judgment has been confessed in trust for creditors should not be continued as a trustee after the confidence of the creditors in him is withdrawn. It is not material that he is innocent of actual misfeasance; his conduct ought to meet the approval of those whose interests are to be promoted, for his whole duty is to them. In Marsden's Est., 166 Pa. 213, it was held that the power of the court under the Act of April 9, 1868, P. L. 785, to appoint a new trustee, did not depend alone upon the misconduct

of the trustee; but that it was enough to show that, by reason of his retention, the hostile relations between him and the cestui que trust would work disadvantages and inconvenience to the latter. See, also, Lafferty's Est., 198 Pa. 433; Job's Est., 23 Pa. Superior Ct. 611. In Schmidt's Est., 183 Pa. 129, a son claimed securities under his father's will, while his two sisters alleged that the securities were a part of their mother's estate in which they had a share. As there was unfriendly feeling between the brothers and sisters, and both sons were disqualified to administer upon the estate, letters of administration on the mother's estate were granted to a stranger rather than to the daughters.

It matters not how valuable were the services which the guardian rendered to the estate, nor, on the other hand, need we consider whether there have been delinquencies on his part. Sufficient for us is it that the situation is one that ought not to be tolerated. No man can serve two masters. No one can properly serve a trust when his personal interests are antagonistic to it. Therefore, without going further into the merits of the controversy, we think that the interest of John T. Hill demands that his present guardian be removed from the trust, and that some disinterested person be appointed in his stead.

*Error assigned* was order of court making rule absolute.

*B. F. Davis,* for appellant, cited: Mulley's Est., 17 York Leg. Rec. 102; Kuntz's Est., 230 Pa. 557.

*W. U. Hensel,* for appellee.—Where a manifest interest of the administrator or trustee is in conflict with the interests of those whom he represents in the administration of his trust, he will be removed: Kellberg's App., 86 Pa. 129; Dayton's Est., 1 Kulp 118; Price's Est., 209 Pa. 210; Silberman's Est., 14 W. N. C. 259;

Bicking's Est., 15 Pa. C. C. R. 284; Harris's Est., 19 W.
N. C. 538; Miller's App., 30 Pa. 478; Allegheny Valley
R. R. Co. v. Dickey, 131 Pa. 86; Colt's Case, 215 Pa.
333; Hoffman's Est., 209 Pa. 357.

PER CURIAM, July 2, 1912:
The order appealed from is affirmed at the cost of the
appellant, on the opinion of the learned President
Judge of the Common Pleas.