# Henry's Estate.

*Executors and administrators—Removal of executor—Adverse interest—
Jurisdiction of orphans' court—Acts of June 16, 1836, P. L. 784, and
May 1, 1861, P. L. 680.*

1. Under the Acts of June 16, 1836, sec. 19, L. P. 784, and May 1,
1861, sec. 1, P. L. 680, the orphans' court has power to remove an
executor for cause.

2. An executor will be removed where it appears that he asserts
claims against the estate of the testator to the extent of two-thirds of
the value of the estate, and such claims are disputed by the beneficiary
under the will.   ·

Argued May 5, 1913.    Appeal, No. 126, April T.,
1912, by D. N. Postlewaite, from decree of O. C. Jeffer-
son Co., April T., 1912, No. 37, removing executor in Es-
tate of Silas Clark Henry, deceased.   Before RICE, P. J.,
HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.
Affirmed.

Petition for removal of executor.

REED, P. J., filed the following opinion:

This is an application under the Act of May 1, 1861,
P. L. 680, to vacate letters testamentary granted to a
nonresident of the state and to remove the executor
to whom such letters were granted.   There has been
no answer filed to this petition, and the questions for
determination have been submitted on the facts therein
stated, and on a motion made by the executor to quash
the citation awarded requiring him to answer to charges
preferred against him in the petition and to dismiss
said petition for the reason that the "orphans' court has
no jurisdiction in the premises."

It is contended that the facts set out in the petition
for the vacation of the letters testamentary, etc., are
insufficient to warrant the removal of the executor.   But,
as I understand from the brief of counsel, the principal

thing relied on to defeat this application is want of jurisdiction in the orphans' court to take cognizance of the same.  The contention made is that the orphans' court exercises only an appellate jurisdiction, and that the application to vacate letters heretofore granted, and to remove the executor, should be made to the register of wills, and that his action thereon can only be reviewed by the orphans' court on appeal.  In other words, that the orphans' court has no original jurisdiction of such application.  The conclusive answer to this contention is found in the second paragraph of sec. 19 of the Act of June 16, 1836, P. L. 784, which provides that the jurisdiction of the orphans' court shall extend to "the removal and discharge of executors and administrators deriving their authority from the register, of the respective county and the settlement of their accounts," and sec. 1 of the Act of May 1, 1861, P. L. 680, which reads as follows: "Whenever it shall be made to appear to the proper court having jurisdiction of the accounts of any executor, administrator, guardian, committee of a lunatic or of an habitual drunkard, or other trustee, on the oath or affirmation of any person interested that such executor . . . . is wasting or mismanaging the property or estate under his charge, or that, for any reason, the interests of the estate or property are likely to be jeopardized by the continuance of any such executor . . . . then, and in every such case, it shall and may be lawful for such court, or for the said president judge, to issue a citation to such executor . . . . requiring him to appear on a day certain, to answer the charge preferred as aforesaid . . . . and if, on the hearing, the said court, or the said president judge and one associate judge, in vacation, shall be satisfied of the truth of the matters charged, the said court, or the said judges in vacation, if the case shall require dispatch, may . . . . vacate the letters of administration or testamentary . . . . and remove such administrator, executor and award new letters to be granted by the

register or by the court, and shall moreover order and compel such executor to deliver over and pay to his successor all and every the goods, chattels and property, money, estate or effects in his hands as aforesaid."

From the petition filed it appears that Silas Clark Henry by his last will and testament, after directing that his just debts be first paid, gave, devised and bequeathed all the rest, residue and remainder of his estate, real, personal and mixed, to James A. Brown (the petitioner), his heirs. and assigns, forever. It further appears that the register of wills of this county, May 20, 1911, granted letters testamentary on the estate of the testator to D. N. Postlewaite, the executor named in the will, who is a nonresident of the state of Pennsylvania, without the consent of the court and without requiring him to give security as provided by the Act of May 17, 1871, P. L. 269. It was stated on the argument that since the granting of said letters the executor had given the security required by law.

The petitioner, however, avers that the individual interests of this executor are hostile and antagonistic to the estate and to the trust reposed in him; that in a petition filed by him in this court for an order to sell the testator's real estate for payment of debts he has included in the schedule of debts a personal claim of $1,500 for professional services and other personal claims aggregating $377.23, making his individual claim against the estate about two-thirds of the entire indebtedness. The petitioner not only denies the liability of the estate for the payment of the personal claims of the executor as made, but also challenges the correctness of a large portion of the remaining one-third of this alleged indebtedness, and avers that notwithstanding he is the sole beneficiary of the testator's bounty, and therefore entitled to the fullest knowledge concerning the estate and the claims made upon it, the executor has ignored him and has persistently refused to give him any specific information about the claims presented against the

estate whereby he could determine whether it would be to his interest or not to pay the just debts of the testator and thus avoid the necessity of a sale of the real estate to pay the same.

The executor, in the petition filed by him for an order to sell the real estate for payment of debts, states the amount of the personal estate to be $708.88, the value of the real estate to be $2,700, and the indebtedness to be $2,873.12. As heretofore stated approximately two-thirds of this indebtedness is made up of the personal claims of the executor, the validity of the greater portion of which is denied by the sole legatee and devisee of the estate. He also denies the validity of a large portion of the remaining claims which the executor has included in the schedule of indebtedness attached to the petition to sell the real estate, for payment of debts. In the petition to have the letters testamentary vacated and the executor removed, the petitioner avers that the executor is indifferent to his interest in the estate; is indisposed to protect the estate against unfounded claims, and has manifested a disposition to wrongfully sell and absorb the same for his own use and benefit. Furthermore that he has not shown any disposition or inclination to act in harmony and conjointly with him in conserving the interests of the estate.

The undisputed facts show that the executor and the legatee and devisee have conflicting interests; that the claims of the one are hostile and antagonistic to the interests of the other, and that these conflicting interests involve practically the entire value of the estate. In these circumstances the estate should be administered by one who stands indifferent between these hostile and antagonistic claimants. It is against the policy of the law to grant letters of administration to a non-resident of the estate: Frick's App., 114 Pa. 29. Conceding that letters testamentary may be granted to a nonresident, such grant of letters is void if made without security and without consent of the court: Act of

May 17, 1871, P. L. 269; Coleman's Est., 18 Pa. Dist. Rep. 205. But it is not necessary to decide in this case that the letters granted to Mr. Postlewaite are void because they were granted to a nonresident of the state without the consent of the court; nor is it necessary to decide that he has either wasted or mismanaged the estate so far as he has administered the same. It is sufficient that he holds the larger portion of the indebtedness against the estate, and that his individual interests are hostile to the trust: Silver's Est., 18 Pa. C. C. Rep. 340. Where, as in this case, the executor is likely to become involved in litigation with the estate, letters of administration should not be granted to him: Ellmaker's Est., 4 Watts, 34. In Kellberg's App., 86 Pa. 129, which was an application to the orphans' court to vacate letters of administration granted by the register of wills, it was held that where the relations between the administrator and the legal representative of the decedent were not harmonious, and it was manifest that the interest of the administrator was adverse to those of the representatives, nothing but some controlling necessity would justify his retention as administrator. I think it may be safely asserted that it is the concensus of judicial opinion that one holding disputed claims against the estate, and whose interests are antagonistic to other heirs of the estate, is not a proper person to administer upon the estate: Hassinger's App., 10 Pa. 454; Failor's Est., 10 Pa. Superior Ct. 253; Spencer's Est., 20 Pa. C. C. Rep. 657, and many other authorities that might be cited. It follows, regardless of whether the executor's claims in this case are valid or not, the letters heretofore granted to him should be vacated.

And now October 9, 1912, the rule in this case is made absolute and it is ordered, adjudged and decreed that the letters testamentary granted on the estate of Silas Clark Henry, deceased, May 20, 1911, by the register of wills to D. N. Postlewaite, executor, be and the same are hereby vacated and the said executor re-

moved, and new letters are awarded to be granted by the register of wills to some competent, disinterested and impartial person. It is further ordered that said executor deliver over and pay to his successor, when appointed and qualified as required by law, all and every the goods, chattels and property, money, estate or effects in his hands or under his control.

*Error assigned* was the decree of the court.

*W. M. Gillespie* and *D. N. Postlewaite*, with them *Lex. N. Mitchell*, for appellant, cited: Harberger's App., 98 Pa. 29; Zeigler v. Storey, 220 Pa. 471; Shepard's Est., 170 Pa. 323; Cohen's App., 2 Watts, 175.

*Charles Corbet*, for appellee, cited: Perrett's Est., 14 Pa. Superior Ct. 611: Hartman's Est. 49 Pa. Superior Ct. 203.

OPINION BY HENDERSON, J., July 16, 1913:

The petitioner is the sole devisee and legatee under the will of Silas Clark Henry. The appellant was appointed executor and letters testamentary were duly issued to him after the will was probated. The reasons suggested for his removal were that he is not a resident of the state of Pennsylvania, and did not qualify by filing a bond and obtaining leave of court to take out letters, and that he holds an account against the estate a large part of which is disputed. As set forth in the executor's petition for the sale of real estate the personal property amounted to $708.88, the estimated value of the real estate was $2,700 and the indebtedness, $2,873.12. About two-thirds of the latter amount consists of claims. of the appellant. The beneficiary under the will contests a large part of this account. The executor stands. as a litigant party therefore, and his interests are hostile to those of the devisee. Under such circumstances there is a propriety in the action of the court in entering the order

appealed from: Ellmaker's Est., 4 Watts, 34; Kellberg's App., 86 Pa. 129; Sharpless' Est., 209 Pa. 69; Hill v. Whiteside, 237 Pa. 340.

The respondent did not file an answer to the petition but presented a motion to dismiss on the ground that the orphans' court was without jurisdiction to remove an executor, and this was the principal contention of the appellant at the argument in this court. We think it clear that under sec. 19 of the Act of June 16, 1836, P. L. 784, and the first section of the Act of May 1, 1861, P. L. 680, that court is vested with authority to remove an executor. The latter act gives express authority to remove where "for any reason interests of the estate or property are likely to be jeopardized by the continuance of any such executor." It hardly requires an argument to demonstrate that an executor who has disputed claims against an estate for substantially all of the property does not occupy that disinterested attitude necessary to insure a just administration of the trust. The objection is not that the party interested will misappropriate the fund but that his position is such that the cause of justice would not be as certainly subserved under the circumstances. No reflection is made against the personal integrity of the appellant nor is there any allegation that up to this time anything has been done which violated the trust reposed in him as executor, but the policy of the law is against the practice of committing the administration of a trust to one whose interests are hostile to the beneficiaries under the trust, and whose interest it would be to administer it to the prejudice of such beneficiaries. It is unnecessary to enlarge on the subject. The learned judge of the orphans' court has fully covered the case in his opinion.

The order is affirmed.