Wachter's Case.

Argued January 7, 1930.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Philip J. Wachter,* guardian of John Frederick Wachter, and *John Frederick Wachter,* p. p.

154

Per Curiam, January 27, 1930:

Appellant presented his own case to us; being a layman and lacking knowledge of our rules, he failed to state the question involved or to file assignments of error. Under the circumstances, we overlook these faults and have examined the record itself; therefrom we find the following facts: On April 30, 1923, a petition was filed under the Act of May 28, 1907, P. L. 292, praying that John Frederick Wachter be adjudged mentally unable to take care of his property and for the appointment of a guardian. On May 18, 1923, after hearing, etc., the court below found Wachter to be of weak mind, and appointed his brother, Philip J. Wachter, appellant, guardian. A bond was entered and the guardian undertook the duties of his appointment. On March 15, 1929, he filed an account and petitioned for his discharge. There being no objections, the account was confirmed, but the prayer for discharge was refused, the court stating that the evidence showed the ward "not sufficiently recovered to take care of his property." The court said, however, that application should be made for the appointment of a new guardian, adding that, "when a new guardian is appointed, the present guardian should file a supplemental account showing his trusteeship to date, so that the balance in the hands of the present guardian may be awarded to the new guardian." On May 10, 1929, Louis F. McCabe presented a petition to the court below in which he averred that Philip J. Wachter had removed from Philadelphia, his whereabouts being unknown, and that John Frederick Wachter was without means and unable to endorse the checks forwarded to him by the United States Government; therefore petitioner prayed for a decree discharging Philip J. Wachter as guardian and for the substitution of some one to care for the ward's estate. On May 11, 1929, the Continental-Equitable Title & Trust Co. was appointed guardian in place of Philip J. Wachter, and on May 29, 1929, it entered a bond.

The order of May 11, 1929, is the final decree, and we assume it to be the one of which appellant complains; all questions embraced in and leading up to that order involved matters within the power of the court below, and we find no abuse of discretion.

The decree is affirmed at cost of appellant.