## Voshake's Estate.

Argued November 12, 1936.

Before Keller, P. J., Cunning-ham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Daniel C. Donoghue,* with him *Walter T. Fahy,* for appellant.

*Harry J. Alker, Jr.,* for appellee.

OPINION BY RHODES, J., January 29, 1937:

Maria T. Voshake presented a petition to the Court of Common Pleas of Philadelphia County praying that the court adjudge her brother, Francis A. Voshake, a weak-minded person and appoint a guardian for his estate. After hearing, the court below found Francis A. Voshake to be a weak-minded person and unable to attend to matters connected with his estate. Counsel for petitioner suggested that the court appoint the Fidelity-Philadelphia Trust Company and himself as guardians. The court below refused to appoint counsel as one of the guardians, and appointed the Fidelity-Philadelphia Trust Company and David Bortin, Esq. The final decree provided "that the Fidelity-Philadelphia Trust Company and David Bortin, Esq., be appointed as Guardians of the Estate of the said Francis A. Voshake, a weak-minded person, the corporate guardian to enter its own bond for both in the sum of $150,000.00 and handle all funds."

Petitioner filed exceptions to the decree. She also filed a petition to amend the decree by vacating the appointments of the Fidelity-Philadelphia Trust Company and David Bortin, Esq., as guardians of the estate of Francis A. Voshake, and appointing Walter T. Fahy, Esq., as guardian for his estate. The petition was dismissed, and petitioner appealed.

Appellant's argument sets forth that her petition presented to the court below asked that its decree be amended by striking out the appointment of Mr. Bortin, as guardian, and substituting the appointment of Mr. Fahy, but retaining the appointment of the Fidelity-Philadelphia Trust Company. Although there is a discrepancy between the petition, as we find it in the record, and the argument as presented, we conclude that the main question raised is whether or not the court below abused its discretion in refusing to amend its decree by substituting Walter T. Fahy, Esq.,

as one of the guardians, in the place of David Bortin, Esq. Appellant contends that the court below abused its discretion in ignoring the request of the appellant, who is the sister and next of kin of the incompetent, to appoint Walter T. Fahy, Esq., a guardian with the Fidelity-Philadelphia Trust Company, and in appointing with the trust company another attorney who is a stranger to her as well as to her brother.

The appointment of the Fidelity-Philadelphia Trust Company and David Bortin, Esq., as guardians, was made under the provisions of the Act of May 28, 1907, P. L. 292, as amended (50 PS §941 et seq.). Section 6 of the Act of May 28, 1907, P. L. 292 (50 PS §961) provides: "The guardian, so appointed, shall have precisely the same powers, and be subject to the same duties, as a committee on lunacy in the state of Pennsylvania." A committee of a lunatic is a mere bailiff of the court which appoints him. *Black's Case,* 18 Pa. 434; *Davidson's Estate,* 323 Pa. 113, 116, 185 A. 782, 783. From and after a decree that a person, against whom the same is entered, is so weak in mind that he is unable to take care of his property, he is a ward of the court appointing the guardian, and his estate is in custodia legis. See Act of May 28, 1907, P. L. 292, §5 (50 PS §945); *Shaffer v. List, Committee of Shaffer,* 114 Pa. 486, 7 A. 80; *Davidson's Estate,* supra. Necessarily, therefore, the appointment of guardians for the incompetent in this case is within the sound discretion of the court to which the application has been made; and this court will not reverse unless there has been an abuse of that discretion.

Naturally, the courts, in the administration of such estates, desire the fullest information and aid in discharging their exacting duties. Suggestions relative to whom the parties desire as guardians may be helpful, and should be considered; but to hold that such suggestions are binding upon the court in all cases would

be to remove the duty of appointment, with its attendant responsibility, from the court, where the statute imposes it, and entrust it to the petitioners in these matters. Although, in a particular case, the court might accept petitioner's nominee with benefit to all concerned, nevertheless the dangers of a rule which would enforce that procedure, in every instance, are obvious. The court should not knowingly appoint one wholly distasteful to those interested; neither should it select as a guardian any one who has, or may have, an interest adverse to that of the incompetent, and counsel for one who may have an adverse interest should not be accepted.

The appointment of Mr. Fahy in the place of Mr. Bortin is not sought here because of any adverse interest on the part of the latter, or because of any previous hostility existing between him and the appellant or the incompetent, or because of any existing differences between the parties. See *Hill v. Whiteside,* 237 Pa. 340, 85 A. 425; *Marsden's Estate,* 166 Pa. 213, 31 A. 46; *Kellberg's Appeal,* 86 Pa. 129; *Schmidt's Estate,* 183 Pa. 129, 38 A. 464; *Neafie's Estate,* 199 Pa. 307, 49 A. 129. On the other hand, Mr. Fahy has been attorney for the appellant, as well as her brother, in many matters, including litigation in the Orphans' Court of Philadelphia County, which was still pending when these proceedings were instituted. The appellant has a half interest with her brother, the incompetent, in $95,000 of first mortgages, and in real estate of the value of $60,750. The court below accepted appellant's suggestion of Fidelity-Philadelphia Trust Company, which appears to be entirely disinterested. The opinion of the court below discloses that it deemed it advisable to appoint a disinterested individual to act in conjunction with the corporate guardian. Appellant has shown no substantial grounds for opposition to Mr. Bortin as one of the guardians. Refusal to acquiesce entirely in

her requests is not, per se, an abuse of discretion. See *Wachter's Case,* 299 Pa. 153, 149 A. 315.

That part of the decree of the court below which provides that the Fidelity-Philadelphia Trust Company shall "handle all funds" is without statutory support. Section 20 of the Act of June 13, 1836, P. L. 589 (50 PS § 753), relative to the estates of lunatics, and which applies with equal force to the estates of feeble-minded or weak-minded persons, as provided in section 6 of the Act of 1907 (50 PS § 961), provides, in part, as follows: "The committee of the estate of every person found to be a lunatic or habitual drunkard, as aforesaid, shall have the management of the real and personal estate of such person ......" The existence of an estate is the basis for the appointment of a guardian, under the Act of 1907, and, when properly qualified, the guardian has the management of the real and personal estate of the incompetent, and, the same as a committee of a lunatic, is entrusted with the management of the entire estate. See *Wheatland's Appeal,* 125 Pa. 38, 46, 17 A. 251, 252. Such management calls for the exercise of discretion and judgment, and it is to be the act of both guardians. No statutory provision permits the court making the appointment to apportion their responsibilities or duties. The guardians execute these duties in their joint capacity; they form but one collective guardian. Cf. *Vandever's Appeal,* 8 Watts & S. 405, 409, and *Coxe, Trustee, v. Kriebel et al.,* 323 Pa. 157, 166, 185 A. 770, 774.

A committee of a lunatic, or a guardian of a feeble-minded person, is a mere bailiff of the court making the appointment. "A bailiff is defined to be one who has charge of lands, goods and chattels of another to make the best profit for the owner, and to have his reasonable charges and expenses deducted; and is accountable for the profits he reasonably might have made. Co. Litt. 172; 3 Penn. Bl. 46; 1 Dall. 340; 1 Bac. Ab. 17, 19":

*Bredin v. Kingland,* 4 Watts 420, 422. A committee may consist of one or more persons having the management and control of the real and personal estate of the lunatic. Act of June 13, 1836, P. L. 589, § 14 (50 PS § 731). Where the court appoints two or more guardians of the estate of a feeble-minded person, they have charge of the real and personal estate of such person and the management of the entire estate in their joint capacity. They are generally regarded in law as one person; they possess a joint authority. See *Hall v. Boyd,* 6 Pa. 267, 270.

That portion of the decree which reads "and handle all funds" is stricken out.

The decree, as modified, is affirmed.