## Finney Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Paul M. Goldstein, Max Goldberg, Herman Moskowitz,* for petitioners.

*Hagerty & McCarthy,* contra.

KLEIN, P. J., April 27, 1956.—Corrine Finney died September 17, 1955, intestate, leaving to survive her a husband, Albert P. Finney, and two children by a previous marriage, a son, Fred Sherwood, and a daughter, Jane Stefanik. Letters of administration were issued to the husband on September 28, 1955. In his petition requesting the grant of letters, the husband stated that the personal estate of decedent amounted to $500 and that the real estate, valued at $35,000, consisted of three properties: 3200 Potter Street, 3202 Potter Street and 3701 Jasper Street, all in Philadelphia.

On January 9, 1956, Albert P. Finney, the husband, individually, and Frank Deitrich, Jr., filed a complaint in equity in the Court of Common Pleas No. 7, as of December term, 1955, no. 3771, in which they named as defendants, Albert P. Finney, administrator of the estate of Corrine Finney, deceased, and Fred Sherwood and Jane Stefanik, decedent's two children. In this bill it was alleged that the real estate set forth above was not the property of decedent but was conveyed to her by plaintiffs and their nominees for the

purpose of placing it beyond the reach of plaintiffs' creditors. The plaintiffs prayed that "defendants be declared to hold the same premises as trustees for the plaintiffs" and they "be ordered and directed to grant, convey, assign and transfer to plaintiffs said premises in fee simple. . . ." Preliminary objections to the complaint were filed by decedent's children.

On February 6, 1956, a citation was issued by this court, upon a petition filed by decedent's children, directed to Albert P. Finney, the surviving husband, to show cause why the letters of administration issued to him should not be revoked and his appointment as administrator set aside. An answer was filed by the administrator and a reply thereto was filed by the petitioners.

The matter then came on for argument before the court en banc, at which time counsel informed the court that the equity proceedings had been discontinued, over the objection of decedent's children, before a decision was reached by Common Pleas Court No. 7, and that Albert P. Finney, individually, on or about March 7, 1956, instituted proceedings in the Court of Common Pleas No. 6, as of March term, 1956, no. 467, seeking to record several deeds purporting to convey the real estate in question to himself and his deceased wife, as tenants by entireties. The deeds were alleged to have been signed by decedent but were not witnessed, acknowledged or recorded.

Preliminary objections were filed which were sustained in an opinion by Bok, P. J., handed down April 6, 1956, in which he ruled that the Orphans' Court had exclusive jurisdiction over the dispute.

The discontinuance of the first equity suit and the commencement of the second proceedings indicate that the administrator has abandoned the original theory upon which he based his claim of ownership of the real estate in question, but it also reveals that he is

persisting in his efforts to obtain title to the properties for his individual use and to deprive his two step-children of any interest they might have in them.

In Henry's Estate, 54 Pa. Superior Ct. 274 (1913), Judge Henderson, speaking for a unanimous court, said at page 280:

"It hardly requires an argument to demonstrate that an executor who has disputed claims against an estate for substantially all of the property does not occupy that disinterested attitude necessary to insure a just administration of the trust. The objection is not that the party interested will misappropriate the fund but that his position is such that the cause of justice would not be as certainly subserved under the circumstances . . . the policy of the law is against the practice of committing the administration of a trust to one whose interests are hostile to the beneficiaries under the trust, and whose interest it would be to administer it to the prejudice of such beneficiaries." See also Rafferty's Estate, 377 Pa. 304 (1954); Friese's Estate, 317 Pa. 86 (1934); Warner's Estate, 207 Pa. 580 (1904).

In the present case the administrator has antagonized the other beneficiaries and created a most unfriendly climate by his continued efforts to appropriate substantially the entire estate for himself. He has thereby not only disqualified himself as an impartial fiduciary, but in the process has clearly demonstrated his unfitness to administer his wife's estate.

In the bill of complaint which he filed in the Court of Common Pleas No. 7, the administrator, with almost childlike naiveté and candor, has outlined a factual situation which indicates that he transferred his real estate holdings to his wife to defraud his creditors and place his property beyond their reach. It is well settled that although a conveyance intended to defraud creditors is void against creditors, it is never-

theless valid against the grantor and those claiming under him: Eaves v. Snyder, 368 Pa. 459, 463 (1951). This, however, is not a matter for our concern at this phase of the proceedings. What is pertinent is that the administrator, by his own admissions, has characterized himself as a person of questionable character. His frank admission that he tried to cheat his creditors compels us to assume that he would place his own personal interests above that of the estate entrusted to his care.

A personal representative is required to administer decedent's estate with complete fidelity and honesty. He must treat all persons having an interest in the estate fairly, justly and in an impartial manner. Implicit in the duties of an administrator is his obligation to defend all adverse claims and suits resolutely and vigorously. It is highly improbable under the circumstances of this case, that the administrator can meet the high ethical and moral standards demanded of him.

Nothing in this opinion is intended to preclude the administrator from pursuing in any proper legal proceeding the claim which he has asserted to the real estate. We are simply ruling that he cannot be both plaintiff and defendant in litigation instituted by himself to enforce any right which he may have to these properties.

The assets of this estate should be conserved and protected by a wholly disinterested and impartial administrator, who should have in his possession all of decedent's books, documents and other papers, so that he will be in a position to make a full investigation, not only of the facts surrounding the conveyance of the real estate to decedent, but also of the circumstances attending the execution and delivery of the unrecorded deeds.

And now, April 27, 1956, we enter the following

## Decree

(1) Albert P. Finney is removed as administrator of the estate of Corrine Finney, deceased, and the letters of administration granted to him are hereby vacated; and

(2) Albert P. Finney is directed to file an account of his administration of said estate within 60 days of the date of this decree.