## In re Forsyth Estate

*Daniel G. Reilly,* for mother.
*A. J. Kuzdenyi,* for wife.

FRANKS, *J.,* July 2, 1979—The court in this instance must determine who is the better person to appoint as guardian of the person and of the estate of an incompetent, it being stipulated by the parties that the person involved, Bertram J. Forsyth, is incompetent as a result of a brain tumor. The specific, narrow issue is: as between mother and wife, who is better qualified to act as guardian of Bertram J. Forsyth.

From the testimony adduced at the hearings, this court concludes that both mother and wife love Bertram and have his best interests at heart. However, we note that there is much hostility between the mother and wife which has evolved into a personality conflict between them. The mother presently has her son living with her and is apparently caring

for him well. The wife previously cared for her husband until he was taken by his mother to her home. There is testimony that Bertram has not been able to visit with his children because of this unfortunate conflict between his mother and his wife.

Both mother and wife appear to be in good health and are willing to assume the responsibility of guardianship. This court has discretionary authority to appoint a guardian and must consider the judgment, integrity, suitability, and any adverse interest in selecting the guardian: Coulter Estate, 406 Pa. 402, 178 A. 2d 742 (1962). The present case has all of the characteristics of a child custody case, as here, too, the court must basically determine what is in the best interest of Bertram, the incompetent.

It seems to us that in the best interest of Bertram he should be with his wife and two children. He apparently desires to be with his children, and his children apparently want to be with him. His wife wants him home, and we are satisfied that she would make it comfortable for him in the family environment. A wife, by virtue of the marital relation, does not have such an adverse interest as to preclude her appointment as her husband's guardian: Heidtman Estate, 452 Pa. 441, 306 A. 2d 878 (1973). There is no evidence before the court that the wife has an interest adverse to her husband or that she might have an adverse interest to her incompetent husband: Voshake's Estate, 125 Pa. Superior Ct. 98, 189 Atl. 753 (1937). The presently existing hostility between the incompetent's mother and wife, which we regret to see, does not reveal to us an adverse interest, or potentially adverse interest, between the wife and her husband. We have before us no evidence of misappropriation or misuse of any of the assets of Bertram by his wife.

We conclude, therefore, that the best interests of Bertram will be promoted by his being returned to his wife and children. This we do by appointing his wife, Gloria J. Forsyth, guardian of his person and of his estate. However, we do direct that his wife refrain from outside work, as she indicated she would be willing to do if appointed guardian, so that she can devote her full time to her invalid husband and her children. In passing, we implore the wife to permit her husband's parents, who impress us as deeply loving and concerned parents, to visit their son, Bertram, as frequently as reasonably possible. We are sure they will be hesitant to visit their son in their son's home, but we hope the wife will welcome them and encourage them to visit Bertram, for we feel Bertram also needs his parents for his total best interests and welfare to be promoted.

## FINAL DECREE

And now, July 2, 1979, after full hearing and consideration of the testimony, briefs and arguments of counsel, it is hereby ordered and decreed that:

1. Bertram J. Forsyth is adjudged an incompetent.

2. Gloria J. Forsyth, his wife, is appointed guardian of the person and of the estate of Bertram J. Forsyth, upon the express condition that she not have outside employment.

3. Said guardian shall file an inventory pursuant to section 5142 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §5142.

4. No security shall be required of said guardian.

5. This decree shall be considered a final decree for appeal purposes.