## Sharpless's Estate.

*Executors and administrators—Misconduct of executors—Removal of executors.*

An order of the orphans' court removing two of three executors will be sustained where it appears that the two executors were largely in debt to the estate; that they were insolvent and had disposed of their business in which a considerable part of the estate was invested for a large sum, the disposition of which they had refused to disclose to their coexecutor; and that they had refused to furnish a statement of the condition of the account between the estate and their insolvent firm at the time of the decedent's death.

Argued Feb. 1, 1904.   Appeal, No. 178, Jan. T., 1903, by Henry W. Sharpless and Townsend Sharpless, from decree of O. C. Montgomery Co., Nov. T., 1903, No. 33, removing executors in estate of Anna R. Sharpless, deceased.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for removal of executors.

The opinion of the Supreme Court states the case.

*Error assigned* was decree removing the executor.

*Charles H. Pile*, with him *Conrad S. Sheive*, for appellants.

*Edmund G. Hamersly* and *Townsend, Elliott & Townsend*, for appellee, were not heard.

PER CURIAM, April 18, 1904:

It appeared in the facts as found by the court below that the appellants were very largely in debt to the estate of their mother, of which they were coexecutors; that they were insolvent and had disposed of their business in which a considerable part of their mother's estate was invested, for a large sum, the disposition of which they had refused to disclose to their coexecutor; and had refused to furnish a statement of the condition of the account between the estate and their insolvent firm at the time of the mother's death.   On these facts the court found that notwithstanding that the manual custody of the unconverted assets and securities of the estate was in the petitioner, and that the appellants under the will of their mother would be entitled to one half of the residuary estate, yet nevertheless a condition of affairs existed as to the estate " which should not exist if the coexecutors (appellants) would perform their plain duty."   Two facts said the learned judge in his opinion " are distinctly found, namely, insolvency of these coexecutors and their placing the interests of this estate in jeopardy by refusing or neglecting to put their coexecutor and cotrustee in possession of the information necessary to enable it to protect the estate, and to enforce its rights against them individually and the firm of Sharpless Brothers.

" The estate is entitled to know what became of the moneys realized in the liquidation of the business of the firm. With the firm on the one side a large debtor of the estate, two of the executors being the members of that firm, and refusing to account, it is difficult to see how the Fidelity Company as one of the executors can act alone without the joinder of the other executors in compelling such accounting. If the insolvency of these executors had occurred before the death of their mother, and she had full knowledge thereof, that fact of itself might not be sufficient to dismiss them from their office. But where it is incumbent upon executors to protect the interests of their estate and in proper management of it to take steps necessary to preserve it, or save it from loss, or where the knowledge concerning the interests of the estate is known to some of the executors and not to the others and they persistently refuse to furnish the information necessary for the proper protection of the estate, they are, to say the least, guilty of mismanagement."

The necessity of litigation to compel an accounting as to the proceeds of the sale of the business of the firm, and the difficulties of such litigation while the appellants continued in the position of executors were further set forth by the court below.

In the most moderate view of the whole case it clearly appeared that the personal interests of the appellants were antagonistic to their duties as executors; that their conduct in the latter relation was obstinate and self-willed and dictated more by their personal interests than by those of the estate; and that their coexecutor was impeded in the proper management of its part of the administration to such an extent as to jeopardize the estate itself. It was a clear case for removal in the discretion of the court, and the discretion was carefully and properly exercised.

Decree affirmed at appellant's costs.