# Eble, Appellant, *v.* Fidelity Title & Trust Company, Exr. & Trustee, et al.

*Wills—Undue influence—Devisavit vel non—Evidence—Court and jury.*

1. Undue influence, to affect a will, must be such as subjugates the mind of the testator to the will of the person operating upon it, and where the charge is that such undue influence has been exercised on a strong and free mind, nothing short of direct, clear and convincing proof of fraud or coercion will prevail.

2. In an issue devisavit vel non to determine whether a testamentary writing was procured by fraud and undue influence, binding instructions for the defendant are proper where it appears that the testatrix, a woman sixty-nine years of age, was of considerable business experience, strong mind and unimpaired mental faculties, that the will in question was drafted by the title officer of a trust company in accordance with the testatrix's directions, revised by her so that more liberal provision was made for the contestant,

and twice signed in the presence of disinterested witnesses; and it further appeared that the person alleged to have exercised such undue influence was not present when the directions were given for the preparation of the will, when it was drawn, or when it was executed and there was no evidence that he exercised any influence over testatrix in the preparation or execution of the will or that he knew of its contents until after testatrix's death, nothing more appearing by contestant's case than that such person had an opportunity to influence testatrix and a motive for doing so.

Argued Oct. 31, 1912. Appeal, No. 194, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1911, No. 302, for defendant n. o. v., in case of Rose Eble v. Fidelity Title & Trust Company, Executor and Trustee, John W. Eble, Frank Eble, Jr., A. M. Eble, Frank Eble, Sr., and Elizabeth Ida Eble. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Issue devisavit vel non. Before SWEARINGEN, J.

The facts are stated in the opinion of the Supreme Court.

The jury rendered a verdict in favor of the plaintiff. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was the entry of judgment for defendant n. o. v.

*Thos. F. Garrahan* and *L. K. Porter,* for appellant.— The question of undue influence was for the jury: Dunlap v. R. R. Company, 130 U. S. 649 (9 Sup. Ct. Repr. 647); Grand Trunk Ry. Co. v. Ives, 144 U. S. 408 (12 Sup. Ct. Repr. 679); Texas & Pac. Ry Co. v. Cox, 145 U. S. 593 (12 Sup. Ct. Repr. 905); Gardner v. R. R. Co., 150 U. S. 349 (14 Sup. Ct. Repr. 140); Kyner v. Portland Gold Mining Co., 184 Fed. Repr. 43; Carstens Packing Co. v. Swinney, 186 Fed. Repr. 50; Kreigh v. Westinghouse Church, Kerr & Co., 214 U. S. 249 (29 Sup. Ct.

Repr. 619) ; Menner v. Canal Company, 7 Pa. Superior Ct. 135; Phillips v. Traction Co., 8 Pa. Superior Ct. 210; Herster v. Herster, 116 Pa. 612; Miller's Estate, 179 Pa. 645; 13 P. & L. Digest of Decisions, col. 22999; Sharpless's Estate, 134 Pa. 250; Dalmas v. Kemble, 215 Pa. 410; Boyd v. Boyd, 66 Pa. 283; Robinson v. Robinson, 203 Pa. 400; Perret v. Perret, 184 Pa. 131.

*W. A. Jordan,* with him *T. D. Chantler,* and *W. H. McClung,* for appellees.—The court was correct in withdrawing the case from the jury: Caughey v. Bridenbaugh, 208 Pa. 414; Cauffman v. Long, 82 Pa. 72; Logan's Estate, 195 Pa. 282; Cuthbertson's Appeal, 97 Pa. 163; Tawney v. Long, 76 Pa. 106; Robinson v. Robinson, 203 Pa. 400; Yorke's Est., 185 Pa. 61; Graham's Est., 225 Pa. 314; Schweitzer's Est., 228 Pa. 231; Englert v. Englert, 198 Pa. 326; Trost v. Dingler, 118 Pa. 259; Leech v. Leech, 5 Clark (Pa. Law Journal) 86; Friend's Est., 198 Pa. 363; Alexander's Est., 206 Pa. 47; Hook's Est., 207 Pa. 203.

OPINION BY MR. CHIEF JUSTICE FELL, January 6, 1913:

This appeal is from a judgment entered for the defendant, non obstante veredicto, in an issue devisavit vel non to determine whether a writing purporting to be the last will of Rosalia Eble was procured by fraud and undue influence exercised over her by her son, John W. Eble. Mrs. Eble was a woman of considerable business experience, of strong mind and of unimpaired mental faculties. She died at the age of sixty-nine, possessed of an estate of $25,000 and left to survive her a husband, three sons and two daughters. By her will, which was executed three months before her death, she left her estate in trust, to pay a fixed amount weekly to her husband for life and to divide the remainder of the income among her children in the following proportions: one-eighth to her daughter Rose, the contestant and plaintiff in the issue, who had left her home and

from whom she was estranged, one-eighth to her eldest son, Alfonso, who had received a considerable amount of money from her and one-fourth to each of her other children. At the end of five years, the principal of the estate was to be divided among her children in the proportions she had directed the income to be distributed.

The circumstances connected with the making of the will were these: Mrs. Eble had requested her son, Alfonso, to act as executor of her will. He declined to do so, and advised her to go to the Fidelity Title & Trust Company. She went to the company accompanied by her son, John, who withdrew after they had introduced themselves, and she, while alone with the trust officer, told him what disposition she wished to make of her estate and her reasons for not making the distribution among her children equal. Two days later she went to the trust company alone and received the draft of the will, in which the provision for Rose was five dollars only, and took it away with her. Two weeks later she returned with the draft, and told the trust officer that while she disapproved of her daughter's conduct, she desired to make a more liberal provision for her. He then rewrote the will and read it to Mrs. Eble, who expressed her satisfaction with it and took it to a bank where she was known and signed it in the presence of two officers of the bank who witnessed it. On returning the will to the trust officer, she was told that she had not signed it properly. She took it back to the bank, resigned it in the presence of the witnesses and then returned it to the trust officer who retained possession of it until it was offered for probate.

These facts were established by credible and uncontradicted testimony. There was no evidence that John exercised any influence over his mother in the preparation or execution of her will. He was not present when directions were given for its preparation, when it was drawn or when it was executed. There was no evidence

that he knew of its contents until after the death of his mother.

The testimony on behalf of the contestants was to the effect that some years before, Mrs. Eble had declared her intention to leave the larger part of her estate to her daughters and that four years before, she had made a will in which half of the income for a term of years and one-fourth of the principal was given to Rose; that differences had arisen between Rose and John, which had resulted in litigation, in which Mrs. Eble had sided with her son, and that he had sought to prejudice his mother against his sister and had threatened that he would induce his mother to make a will prejudicial to her. The most that can be said of this testimony is that John had an opportunity to influence his mother and a motive for so doing. But there was no evidence that he had ever exercised any influence.

Undue influence to affect a will must be such as subjugates the mind of the testator to the will of the person operating upon it: Tawney v. Long, 76 Pa. 106. Where the charge is that undue influence has been exerted on a strong and free mind, nothing short of direct, clear and convincing proof of fraud or coercion will avail: Logan's Est., 195 Pa. 282. The only reasonable conclusion from all the testimony is that the will in question was the deliberate act, after mature reflection, of a mind wholly unconstrained.

The judgment is affirmed.