## Roney's Estate.

Argued October 5, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harvey Morton Aronson,* for appellant.—The signa-
ture of a testator's name by one who is requested by the
testator to write it must be made without assistance to

the person requested: Novicki v. O'Mara, 280 Pa. 411; Girard Trust Co. v. Page, 282 Pa. 174.

Proof of execution must be made by two witnesses, each of whom must separately depose to all facts necessary to the proper execution of the will: Kelly's Est., 306 Pa. 552; McClure v. Redman, 263 Pa. 405; Hodgson's Est., 270 Pa. 210.

Where there is substantial dispute on some material question of fact and the state of the evidence is such that the court would not feel constrained to set aside a verdict of a jury either for or against the validity of the will, the dispute is substantial and the orphans' court is bound, on request of either party, to direct a precept for an issue to the court of common pleas: Timmes's App., 227 Pa. 188; Phillips's Est., 244 Pa. 35; Tetlow's Est., 269 Pa. 486; Minnig's Est., 300 Pa. 435.

*Edward G. Coll* and *Ira Hurwick,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 28, 1932:

This proceeding originated on appellant's petition to the Orphans' Court of Allegheny County praying that an appeal be sustained from the probate by the register of wills of an instrument dated July 11, 1930, purporting to be the last will and testament of Rosie Agnes Roney, deceased. The petition asked that the probate of this will be set aside for the reasons testatrix lacked mental capacity at the time of making the will and that it was executed by her through fraud, duress and coercion. After hearing, a decree was entered dismissing the petition. The opinion filed therewith made findings of fact contrary to petitioner's allegations. Exceptions to the decree were allowed and a rehearing ordered for the taking of further testimony as to the execution of the will. Following the second hearing, a decree was again entered dismissing the petition and this decree was sus-

tained by the court in banc. Petitioner has taken the present appeal.

The only matter before us at this time, as set forth in the statement of questions involved, is whether the will here involved was executed in accordance with the provisions of the Wills Act of 1917. To determine this question we must first examine the facts and circumstances attending the execution of the instrument.

Testatrix was a woman of about eighty-five years, whose eyesight had become seriously impaired by age. She was not totally blind but was unable to read during the last few years of her life, including the time of the events about to be related. Being desirous of making a new will, she requested her friend, a Mrs. McKinnon, in whose home she resided, to call in a lawyer to assist her in drafting the instrument. Walter P. Rainbow, Esq., of the Allegheny County Bar, called at the McKinnon residence in response to this request. He talked with Miss Roney, alone in her bedroom, regarding the disposition of her estate and made a memorandum regarding her wishes for the provisions of the will. A few days later, on June 24, 1930, he returned with a typewritten will, accompanied by his office secretary, a notary public. After having the will read and explained to her, testatrix stated "it was just what she wanted," and upon being asked by the attorney if she was able to sign it, replied in the affirmative. However, on account of her defective vision, in attempting to sign, she made several meaningless marks upon the paper and finally abandoned the effort to write her name. At her request Rainbow then signed her name and she made her mark thereto, after which the attorney and Mrs. Cowen, the notary public, signed as subscribing witnesses.

Being dissatisfied with the testament because of the unsightly appearance of ink marks on the last page, made by Miss Roney's attempt to sign her name, the attorney rewrote the will and returned with it to the home of testatrix on July 11, 1930, accompanied again by

his secretary. The attestation clause of this will was phrased to indicate that the instrument was signed for testatrix by another, as Rainbow was convinced of testatrix's inability to sign legibly herself. After reading and explaining the writing as before, the attorney inquired whom she wished to sign the will for her. Testatrix suggested Mary Degrange, a woman employed as a servant in the household. When the latter appeared, it developed that she was illiterate and only knew how to write her own name. Thereupon, with the knowledge and consent of testatrix, the attorney assisted the servant to sign by holding her hand and guiding the pen. Decedent then made her mark and the signature was subscribed as before.

Appellant contends the execution of this will is governed by section 2 of the Wills Act and that, under the provisions of this section, a testator may direct another to sign the former's name at the end of a will, but the person so requested or directed to sign must be capable of performing the act unassisted. Without answering this argument directly, it is sufficient to say we are convinced testatrix, in the present case, was unable to sign because of impaired vision, and not, as provided in section 2, because of the extremity of her last illness, and accordingly the execution of this will is governed by section 3 of the act referred to: Novicki v. O'Mara, 280 Pa. 411, 415. This latter section provides as follows:

"If the testator be unable to sign his name for any reason other than the extremity of his last sickness, a will to which his name is subscribed in his presence, by his direction and authority, and to which he makes his mark or cross, unless unable so to do,—in which case the mark or cross shall not be required,—shall be as valid as though he had signed his name thereto: Provided, that such will shall be proved by the oaths or affirmations of two or more competent witnesses."

The testimony presented before the lower court shows the requirements of section 3 of the statute were fully

complied with and that no reason exists upon that score for setting aside the probate of the will. "Where testator's mental conception is entirely clear and he desires to sign the will, but his physical powers unassisted will not permit it, and such assistance is called in, the incident of assistance becomes immaterial so long as there is a conscious wish of the testator that his hand should make the signature. His participation in the slightest degree, or acquiescence in or adoption of the signature is sufficient:" Brehony v. Brehony, 289 Pa. 267, 271.

Appellant also argues that the testimony of Mary Degrange, who contradicted other witnesses in minor details regarding the execution of the will, raises a substantial dispute upon a material question of fact, and that the hearing judge should have awarded an issue devisavit vel non. In answer to this contention it need only be said that no request for such an issue was made in the petition, and, second, that the lower court has the discretion to give little credence to the testimony of an ignorant illiterate woman of admittedly poor memory. "......there must be an abuse of discretion by the hearing judge sitting as a chancellor when an issue is refused, before this court will reverse. It is his duty, after weighing the evidence impartially, to refuse to present the question to a jury, unless he feels the ends of justice call for a verdict against the will, or he is so uncertain on this point that he could conscionably sustain a finding either way on one or more of the controlling issues involved:" Mark's Est., 298 Pa. 285, 286-7.

We find no error in the decree of the court below and it is affirmed at appellant's cost.