## Fink's Estate.

Argued January 30, 1933. Before Frazer, C. J., Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*George M. Lutz,* with him *Calvin E. Arner,* for appellant.—In an application for an issue devisavit vel non the only question for the lower court to decide is, whether or not a substantial dispute on a material question of facts existed which should have been submitted to a jury for determination: Timmes's App., 237 Pa. 189; Robinson v. Robinson, 203 Pa. 400; Phillips' Est., 244 Pa. 35; Cuthbertson's App., 97 Pa. 163, 172.

The proponent being a stranger to the blood of the testatrix, and confidential relationship having existed between the proponent and the testatrix, the burden of proof of want of undue influence was upon the proponent of the will: Phillips' Est., 244 Pa. 35; Boyd v. Boyd, 66 Pa. 283; Frew v. Clark, 80 Pa. 170; Cuthbertson's App., 97 Pa. 163; Yardley v. Cuthbertson, 108 Pa. 395; Adams's Est., 220 Pa. 531.

*Fred B. Gernerd,* for appellee.—Solicitations, however importunate, cannot of themselves constitute undue influence; for though these may have a constraining effect, they do not destroy the testator's power to freely dispose of his estate: Englert v. Englert, 198 Pa. 326; Buechley's Est., 278 Pa. 227; Robinson v. Robinson, 203 Pa. 400-435; Koons's Est., 293 Pa. 465.

Mere slight circumstances, which might tend to create suspicion, are not sufficient to establish the fact of undue influence: White's Est., 262 Pa. 362; Buechley's Est., 278 Pa. 227, 231.

Where undue influence is alleged to have been exerted on a strong and free mind, nothing short of direct, clear and convincing proof of fraud or coercion will prevail: Eble v. Fidelity Title & Trust Co., 238 Pa. 585.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 20, 1933:

This is an appeal from a decree of the Orphans' Court of Lehigh County refusing to award an issue d. v. n. to determine the validity of the will of Cora Agnes Fink, deceased. Contestant's petition alleged that at the time of making her will testatrix was not a person of sound mind and that the instrument "was procured by undue influence, fraud, imposition, duress and constraint practiced upon testatrix by Queen Levan," a stranger to her blood and chief beneficiary under the terms of the will. The allegation of lack of testamentary capacity has been abandoned and the sole question presented for our consideration is whether decedent's will was obtained by undue influence.

Testatrix was an unmarried woman, thirty-three years of age, whose death was caused by cancer of the stomach and liver. She left surviving her no relatives except a maternal grandmother and uncles and aunts. By the terms of her will she bequeathed substantial sums to her grandmother and one aunt, and made another aunt, who is the contestant in the case, the residuary legatee. The principal beneficiary was Queen Levan, who, although not a blood relation, was testatrix's intimate friend and confidant during the last eight years of her life. Under the provisions of the will, Mrs. Levan received $4,000 cash and a house and lot located at 133 East Main Street, Kutztown, Pennsylvania. This property was purchased by testatrix about two years before her death, her intention being to dispose of her hotel business on account of her poor health, and take up residence with her friend, Mrs. Levan, at the Kutztown home.

The evidence tending to show that undue influence was exerted upon testatrix in the preparation of her will is of the most meager and unconvincing character, and is entirely insufficient to warrant the award of an issue to the common pleas. Decedent was a shrewd business woman of vigorous mentality. The will was drawn by

a reputable member of the bar of Berks County, in the presence of a friend of testatrix. After execution of the instrument it was delivered to testatrix and by her deposited in her safe deposit box at the Allentown Trust Company, where it remained until after her death. Nothing in the manner of its preparation or in the terms of the will itself indicate anything more than the desire of decedent to remember her intimate friend and companion more generously than the relatives who were also the objects of her bounty. There was no concealment of the terms of the will from contestant and adequate opportunity upon the part of testatrix to change the instrument before her death had she so desired.

"Where the charge is that undue influence has been exerted on a strong and free mind, nothing short of direct, clear and convincing proof of fraud or coercion will avail." Eble v. Fidelity Title & Trust Co., 238 Pa. 585, 589. See also White's Est., 262 Pa. 356; Phillips' Est., 244 Pa. 35. The evidence in this case falls far short of that which must appear before we will reverse a refusal of the lower court to award an issue d. v. n. "There must be an abuse of discretion by the hearing judge sitting as a chancellor when an issue is refused, before this court will reverse. It is his duty, after weighing the evidence impartially, to refuse to present the question to a jury, unless he feels the ends of justice call for a verdict against the will, or he is so uncertain on this point that he could conscionably sustain a finding either way on one or more of the controlling issues involved." Mark's Est., 298 Pa. 285, 286, 287; Roney's Est., 309 Pa. 309, 313. In reviewing the action of the lower court in such a case, the matter for our determination is not necessarily whether we agree with the decision of the chancellor upon the merits, but rather whether we believe a judicial mind, in view of the relevant rules of law applicable to the particular case and on due consideration of the evidence as a whole, could reasonably have reached the conclusion of the court below. "When the answer to this

question is in the affirmative, the judgment appealed from will not be disturbed." Tetlow's Est., 269 Pa. 486, 495.

The learned judge who saw and heard the various witnesses, in a full and comprehensive opinion refusing the petition, said: "Without a doubt, after listening to the testimony of all of the witnesses, Mrs. Queen Levan was the most intimate friend and, associate of the testatrix, and it is clear from the evidence in this case that the testatrix found considerable pleasure and contentment in her relations with Mrs. Levan. All the evidence shows that Mrs. Levan was to the testatrix a friend in need. She certainly did more for the testatrix during the last two years of her life than any of her relations. The will of the testatrix is consonant with the statements made by her both prior and subsequent to the time she made the will. All of this does not warrant an inference of undue influence but rather contends the other way. . . . . . The case against the will is most weak and unconvincing, and would not support a verdict against the will; on the other hand, proponent has submitted strong evidence by the testimony of more than a dozen witnesses, many of whom were neighbors and intimate friends of the testatrix, all of which convinces us that there is no substantial dispute upon a material question of fact. We do not find any ground upon which a verdict against the will would be sustained if an issue were granted, therefore, we must refuse to grant an issue." Our examination of the evidence leads us to the same conclusion.

The decree of the court below is affirmed at appellant's cost.