## Dible's Estate.

Argued October 4, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

554

*E. J. Gannon,* of *Hazlett, Gannon & Walter,* for appellant.

*John G. Koedel,* with him *Frank I. Gosser* and *George W. Richards,* for appellee.

OPINION BY MR. JUSTICE DREW, November 26, 1934:

This is an effort to set aside a will on the ground of undue influence and lack of testamentary capacity. The orphans' court refused an issue; this was reversed by the Superior Court, and the present appeal followed.

The testatrix, Annie J. Dible, a resident of Tarentum, Allegheny County, died on December 13, 1931. An instrument dated June 22, 1931, purporting to be her last will and testament, was duly admitted to probate. On October 20, 1932, Harry Vance, a first cousin of testatrix, filed a petition alleging that at the time of the execution of the will decedent was of unsound mind and that the instrument was procured from her by undue influence practiced upon her by her nurse, Louise Sefton, and her lawyer, Emerson Hazlett, Esq., legatees under the will.

We have repeatedly held that in reviewing a chancellor's refusal of an issue devisavit vel non the question for the appellate court to decide is not whether it would have reached the same result had it been acting as chancellor, but rather whether a judicial mind, on due consideration of the evidence as a whole, could reasonably have reached the conclusion of the chancellor: Tetlow's Est., 269 Pa. 486; Fink's Est., 310 Pa. 453. As we said in Tetlow's Estate, "When the answer to this question is in the affirmative, the judgment appealed from will not be disturbed." In other words, the chancellor's decision will not be reversed unless an abuse of discretion on his part appears: Doster's Est., 271 Pa. 68; Mark's Est., 298 Pa. 285; Fink's Est., supra. Was there an abuse of discretion in this case?

The facts of the instant case, covering a record of 750 pages, are fully reviewed in the opinion of the Superior Court. It would serve no good purpose to repeat them at length here. For the purposes of this opinion, we think it sufficient to give the following brief summary: The testatrix, who was 64 years of age when she died in 1931, had been afflicted with hemiplegia from the time of an apoplectic stroke in 1927. During the last two years of her life she lived at the home and was under the care of Mrs. Sefton. The latter received a substantial bequest of $2,500, and the decedent's lawyer, Mr. Hazlett, received a like bequest. Mr. Hazlett had been decedent's legal adviser for fifteen years, and was the scrivener of the contested will. It was charged that these legatees used undue influence over decedent, as a result of which they had profited as indicated. The proponents recognized that the burden was upon them, in accordance with the rule that where a confidential adviser receives a substantial bequest from an infirm and mentally weak testator, such beneficiary has the burden of showing testamentary capacity and the absence of undue influence: see Phillips' Est., 244 Pa. 35, 43-4; Wolfe's Est., 284 Pa. 169, 175; Weber v. Kline, 293 Pa. 85, 87.

It is apparent from a reading of the opinion of the Superior Court that it reversed the chancellor's refusal of an issue because it disagreed with his decision on the merits. After a review of the whole record we are of opinion that this was error, for the reason that it cannot fairly be said that the chancellor in any sense abused his discretion or that his conclusion was not supported by the evidence. The will was a reasonable one. In addition to the legacy to Mrs. Sefton and that to Mr. Hazlett, whom she had not paid for legal services rendered her during the course of fifteen years, the testatrix made bequests to an Episcopal church home in which she had lived for five years as a child, to the church which she had attended for a number of years before she became paralytic, to the minister of that

church, who had visited her frequently during her illness, to a cemetery association for the maintenance of her uncle's burial lot, and to various friends who had been kind to her. The residue of her estate was bequeathed to her nephew and niece, no nearer relatives having survived her. At the date of her will she had reason to believe that her personal estate was of the approximate value of $18,000, as shown by her personal property return and other evidence. The general bequests totaled $8,100, which would have left approximately $10,000 for the nephew and niece, though it is now doubtful whether they will ever receive anything, because of a shrinkage in the value of the estate. Several of the beneficiaries, including the charities, had been provided for in prior wills, executed at various times during the four years preceding her death. The great bulk of contestant's evidence was of no greater purport than that testatrix had been physically disabled for four years prior to her death and that she had always been a woman of less than normal education and mental keenness; as regards the other testimony presented on that side, it cannot be said with any certainty that it overcame proponents' testimony.

There is a singular lack of any grounds for believing that undue influence had been practiced upon decedent. The evidence of contestant on this point rose no higher than testimony that Mr. Hazlett had asked decedent for a bequest, which the chancellor expressly refused to believe, and which, even if true, would be far from constituting undue influence. There was abundant evidence that testatrix knew what she was doing when she executed the will, that the bequests were suggested by her, that she understood the nature and extent of her property, and that she was not unmindful of the natural objects of her bounty.

A careful consideration of the whole case has convinced us that the chancellor's conclusion was a reason-

able one and was amply supported by the testimony. His decree must therefore be restored.

The decree of the Superior Court is reversed and that of the Orphans' Court of Allegheny County is reinstated and affirmed at the cost of contestant.