Rafferty Estate.

Argued March 29, 1954. Before Stern, C. J., Stearne, Jones, Bell, Musmanno and Arnold, JJ.

*J. Harry Pershing,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1954:

Lawrence E. Rafferty appeals from a decree of the orphans' court removing him as administrator of the estate of his deceased father. The action of the court was predicated upon the petition of his other five brothers and sister. A controversy existed between appellant and petitioners over the ownership of the proceeds from the retirement disability fund of the United States Civil Service Commission, the nature of which is not precisely defined in this proceeding. There was also in dispute the existence and ownership of certain life insurance policies alleged to be held by appellant's sister. The heirs maintained that the administrator should collect the assets for the benefit of the estate while appellant contended that certain of them were his individual property. In addition, according to appellant's testimony, there exists a dispute as to whether or not an agreement of settlement had been made between the parties, but had been breached. Our examination of the testimony convinces us that the hearing judge was amply justified in determining that appellant's personal interest was

in conflict with the interest of the decedent's estate, and that appellant could not serve his own interest and that of the estate at the same time.

Under Section 301 (6) of the Act of August 10, 1951, P. L. 1163, art. III, 20 PS 2080.301 (6), the orphans' court possesses jurisdiction to remove fiduciaries. The personal interest of a fiduciary being in conflict with that of the estate and the unfriendly feeling between the heirs constitute sufficient cause for removal: *Sharpless's Estate*, 209 Pa. 69, 57 A. 1128; *Friese's Estate*, 317 Pa. 86, 89, 90, 176 A. 225; *Henry's Estate*, 54 Pa. Superior Ct. 274; *Fleming's Estate*, 135 Pa. Superior Ct. 423, 5 A. 2d 599; *Davies' Estate*, 146 Pa. Superior Ct. 7, 21 A. 2d 517.

While counsel for appellant stated at argument that appellant had been unsuccessful in maintaining his claim for the retirement disability fund and now concedes that it formed part of the estate, this does not appear in the record and is a matter which arose *after* appellant's removal. As the record discloses that there still exists a controversy over the existence and ownership of insurance and that obviously there is an unfriendly feeling between the heirs, we will not disturb the decree.

Decree affirmed at cost of appellant.