## Bronstein Estate

*Nochem S. Winnet, Donald Brown,* and *Fox, Rothschild, O'Brien & Frankel,* for petitioner.

*Joseph Rappaport* and *Rappaport & Lagakos,* for respondent.

BURKE, J., January 5, 1962.—This matter is before the court on petition and answer, seeking removal of respondent as executor under a later will. Testator died on May 10, 1960, leaving a will dated February 25, 1931, which was duly probated in the office of the Register of Wills of Philadelphia County on June 1, 1960, and letters testamentary thereon granted to the First Pennsylvania Banking and Trust Company and Leon Bronstein.

In November of 1960, the said executors filed a complaint in equity in the Court of Common Pleas of Montgomery County, naming Jack Bronstein, a son of testator, as defendant. The complaint avers that Jack Bronstein, during the period from January 1, 1951 to May 10, 1960, was in control of the financial affairs of testator, and during said period induced or procured the transfer of all of testator's assets, in the total amount of $60,000, to himself, individually and as a joint tenant with right of survivorship, and to himself as trustee for his son; and that such transfers were procured by fraud, misrepresentation, duress and undue influence, practiced at the time testator was of

unsound mind. In the answer to the equity action respondent catagorically denied the averments of the complaint.

The complaint prayed that defendant be declared a trustee ex maleficio of such assets, and be required to account to plaintiffs for such assets, and the proceeds derived therefrom. On October 21, 1960, defendant filed a petition for citation in this court to show cause why the decree of the register of wills admitting the aforesaid writing dated February 25, 1931, to probate, should not be opened so as to permit the register to consider the probate of a later will dated February 22, 1952, of which Jack Bronstein, respondent herein, was named as executor. The decree was opened and the later will was probated as testator's last will, and letters testamentary thereon were granted to the respondent.

The statutory authority for the removal of a personal representative is found in the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 331, 20 PS §320, 331 (5), which provides:

"The court shall have exclusive power to remove a personal representative . . .

"(5) when, for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office."

The instant case provides a classic example of the necessity for removing a personal representative. The likelihood of the interests of an estate being jeopardized cannot be more clearly imagined than when the executor claims assets in an adversary proceeding, which are allegedly the property of the estate. The identical factual situation was passed upon in Rafferty Estate, 377 Pa. 304, wherein the court said, at pages 305-06:

"Our examination of the testimony convinces us that

the hearing judge was amply justified in determining that appellant's personal interest was in conflict with the interest of the decedent's estate, and that appellant could not serve his own interest and that of the estate at the same time."

See also Finney Estate, 5 D. & C. 2d 604, and Rentschler Estate, 392 Pa. 46.

For the reasons hereinabove stated, the court enters the following

## Decree

And now, January 5, 1962, the prayer of the petition is granted, and the register of wills is directed to vacate the letters testamentary heretofore granted to Jack Bronstein, respondent, and, upon application, to issue new letters of administration in accordance with law.