## Shein Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Michael Iannuzzi* and *Shein & Berlant*, for petitioners.

*David C. Harrison*, for respondent.

SAYLOR, J., March 6, 1964.—The widow and three children of decedent have petitioned the court to remove decedent's brother, Phillip Shein, as a coexecutor and cotrustee on the ground of conflict of interest. The other executor is Joseph D. Shein, a son of decedent. Phillip Shein has filed his answer, and the court has heard argument on petition and answer.

Decedent, Howard M. Shein, along with four of his brothers, was a member of a partnership that was, and is now, an interstate carrier having assets and offices in several States. In his will, decedent referred to a partnership agreement made April 16, 1961, and stated that, thereunder, "The One Hundred Fifty Thousand ($150,000.00) Dollars life insurance which the partnership, which is known as Shein's Express, had placed on my life and which was payable to the partnership on my death would be paid by the partnership to my estate in full payment of" decedent's share in the partnership, and various other interests therein, and in two corporations and in certain trusts all specifically named.

By his will, decedent named as executors and trustees his son Joseph and his brother Phillip, with provision

for succession by a son-in-law, Dr. Maurie Pressman for Joseph and, in turn, his brothers Jules and Samuel, also partners, for Phillip. The will was probated February 28, 1962, and letters testamentary were granted to Joseph and Phillip.

Phillip Stein, a resident of New Jersey, and Herman, Jules Y. and Samuel Shein are the surviving partners of Shein's Express. The amounts claimed by the estate are: (a) All moneys to be received by way of insurance under the accidental death provision of a life insurance policy; (b) interest, return premiums, dividends and other amounts paid to the partnership by the insurance companies over and above the face amount of insurance policies ($150,000) that were issued on the life of decedent; and (c) an income tax refund on a claim filed by decedent.

A dispute has arisen between decedent's widow and children, including Joseph, on the one hand, and the partnership, including Phillip, on the other hand, concerning the amount due the estate by the latter. The sum of $150,000 was paid to the estate for decedent's share in the partnership, whereupon the executors executed a release reserving, however, right, title and interest in the proceeds of accidental death benefits in a certain insurance policy, payment of which, though sought by the partnership, has been refused by the insurer. The insurance company's offer in compromise to pay the partnership $25,000, which is claimed by and acceptable to the partnership, is deemed by the estate to be insufficient and should be refused. The income tax refund received by the partnership on a claim filed by decedent is claimed by the estate although the tax was paid by the partnership.

These matters are set forth in the petition and answer before us which include, as exhibits, a complaint and answer filed in an equity proceeding instituted in the Superior Court of New Jersey, Chancery Division,

against the executors, including Phillip. He alone filed an answer to the complaint. His coexecutor Joseph takes the position that the New Jersey court has no jurisdiction over the estate and that he, as an executor, has not been properly served.

In paragraph 3 of the complaint, Phillip, as one of the members of the partnership and, as such a plaintiff, avers that "the partners agreed to pay to the Estate of the deceased partner the sum of $150,000 as and for the purchase price of the decedent's interest in the partnership and all other interests of the decedent." In the answer filed by Phillip, designated as "executor" not as "co-executor", he admits the averments and adds "except that the agreement referred to therein additionally provides that the full proceeds of any life insurance policies on the life of a deceased partner shall be paid for the decedent's interest in the partnership."

Likewise, in paragraph 10 of the complaint, Phillip avers that the claims of the estate are contrary to the terms of the partnership agreements. In his answer, Phillip denies that the estate's demands are contrary to such terms.

In paragraph 8 of the complaint, Phillip avers that the partners and the insurance company have compromised the claim under the double indemnity clause of the policy. In his answer, Phillip neither admits nor denies that averment, and says "plaintiffs (including himself, of course) are put to their proof with respect to such paragraph."

Moreover, in a "counterclaim" in the New Jersey action, Phillip, as executor, denies that the partners "may discharge their obligations to the Estate of Howard M. Shein by the payment of the sum of $150,000." Furthermore, he asserts: (1) That the partners never accounted to the estate with respect to the proceeds of the life insurance policies collected by them following decedent's accidental death; (2) that the estate is en-

titled to receive any Federal tax refunds for overpayment of taxes by Howard M. Shein, irrespective of the fact that plaintiffs may have paid such taxes; and (3) that the partners have no right to settle the insurance claims resulting from the double indemnity provision since the policy proceeds belong to the estate which has the real interest in any settlement.

And finally, in the New Jersey action, Phillip as "executor" demands judgment against himself and his three partners whereby the New Jersey court shall construe the terms of the partnership agreements as the estate requests.

The pleadings referred to are incorporated in the petition and answer filed in the proceeding and the undenied averments therein contained are accepted as facts in this case. Supplemental facts are averred in the petition filed in this court. Inter alia, it is there averred that the claims under the insurance policies approximate $229,000, although the policies have a face value of only $150,000. This is not denied in respondent's answer. Nor is the averment that the tax refund amounts to $1,132.04 denied.

In paragraph 12 of the petition, it is further averred that Joseph was induced by Phillip to execute releases in the amount of $150,000 with regard to the insurance policies when he knew there were certain dividends payable thereunder which would increase the amount payable to a sum approximately $179,000. In his answer, Phillip denies that he induced such execution. He does not deny knowledge of the dividends payable as averred.

Charged in the petition, paragraph 14, that at all times he has taken a position against the estate of which he is a coexecutor and in favor of the partnership, Phillip, in his answer, avers that he has taken an active part in the New Jersey litigation on behalf of the estate "in order to present fully the position of the

estate in all the claims against the partnership", and refers to his answer and counterclaim filed in that litigation. His averment that he has fully performed all the duties and obligations required of him with respect to his coexecutor does not constitute a denial of petitioners' averment in paragraph 11 that he has failed to reveal to his coexecutor the sums paid, due or owing under the insurance policies.

With these facts before the court, petitioners pray that Phillip Shein be removed as coexecutor and cotrustee and be restrained from further prosecuting or defending the New Jersey suit and that his brothers Jules and Samuel be barred from succeeding him as coexecutor and cotrustee.

Respondent's counsel seeks to avoid such action by the court by stating that Phillip was named by decedent and that his interest in any gain to the partnership were its contentions sustained in pending litigation would be minimal. Whatever the amount involved, there is clearly present a conflict of interest. To the extent that the estate fails to prevail in the controversy, to that extent the partnership is the gainer. Since Phillip is a member of the partnership, it is to his interest that the partnership and not the estate should prevail. He is not a beneficiary under his deceased brother's will. His primary loyalty would appear to be to the partnership, not to the estate.

In addition to all this, there is a substantial and basic disagreement between the two executors. Apparently because he is a resident of New Jersey, the partners sued Phillip in that State. Shortly thereafter, the widow and three children of decedent sued Phillip and his partners in Common Pleas Court No. 1 of Philadelphia, seeking a declaratory judgment. Both suits involve the contentions hereinabove referred to.

It is not a healthy condition when an estate is involved in such harassing litigation. Nor is it proper

for one who is a litigant in a law suit, which he and others have instituted against an estate, to serve as coexecutor of the other litigant, that very estate. How can there be a proper administration of an estate and of a trust created by decedent when a coexecutor and cotrustee is at loggerheads with the principal beneficiary of the estate concerned, the widow in her capacity as a legatee and as a life tenant under a trust created by her husband?

Section 331 of the Fiduciaries Act of April 18, 1949, P. L. 512, empowers the orphans' court to remove from office a personal representative for a number of reasons therein specified and when "for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office." Exercising this power, the lower courts have removed executors and have been confirmed in this action by the Supreme Court.

In Rafferty Estate, 377 Pa. 304, an administrator was removed where he claimed ownership of insurance proceeds and there was an unfriendly feeling between the administrator and the heirs.

In Bronstein Estate, 25 D. & C. 2d 639, this court removed an executor, a son of decedent, who claimed in an adversary proceeding assets which were allegedly the property of the estate.

In Finney Estate, 5 D. & C. 2d 604, 607, this court removed an administrator holding disputed claims against the estate for substantially all of its assets and who, in the words of President Judge Klein had "antagonized the other beneficiaries and created a most unfriendly climate by his continued efforts to appropriate substantially the entire estate for himself."

While the fact situation before us is not as extreme as in Rafferty Estate, Bronstein Estate and Finney Estate, supra, there is a very definite conflict of interest in the estate here considered. The fact that in each of those cases there was a single fiduciary who had

claims against the estate, whereas here it is a coexecutor whose personal interests are in conflict with those of the estate, makes no difference in the basic situation.

In the words of section 331, "the interests of the estate are likely to be jeopardized by" Phillip's continuance in office. That there is hostility between Phillip and the widow and children of decedent is not to be denied or overlooked. Resentment and hard feeling between the parties will likewise continue and may grow worse if he is continued in office as a coexecutor. Most certainly, such a situation would not be conducive to a proper relationship of trustee and cestui que trustent when the trust is established. This is sufficient answer to respondent's contention that as he is not the sole fiduciary, as in the cases above cited, they are not apposite to the matter before us.

That there are instances where the court having jurisdiction refused to remove a fiduciary, despite at least some evidence of conflict of interest, does not deter us from so doing here. That in Glessner Estate, 343 Pa. 370, also concerning a dispute between coexecutors, the court, citing Purman's Estate, 334 Pa. 238, refused to remove a coexecutor especially because testator by appointing him had expressed confidence in him, is likewise not persuasive. There, the dispute concerned a property occupied and allowed to fall into neglect by a life tenant-cofiduciary.

As a matter of interest, in Glessner Estate it was indicated that complainant had been as negligent as the coexecutor in handling the estate's affairs. A fair inference is that, there, both executors should have been removed or neither of them. No such situation is presented here.

While in these and other cases the courts did not remove the fiduciary because it was decided to follow the wishes of testator in appointing him, in the matter before us we do otherwise. It is not conceivable that

our decedent would have us do otherwise when, despite the confidence testator had in selecting his brother Phillip, and, in succession, two other brothers who were his business partners, it develops that Phillip and the object of the deceased brother's bounty are in litigious conflict concerning what should be the assets of the estate and eventually of the trust established for the widow.

Consequently, we decide that Phillip Shein should be removed as coexecutor and cotrustee, and in his place we recommend the appointment of an impartial successor, be it an individual not a partner in Shein's Express or a corporate fiduciary, and that, in due course, such fiduciary succeed to the duties as such, including the defense of the action in the New Jersey Superior Court to the end that the interests of the estate in that action be fully protected.

It is important to the estate that it be so protected in order to avoid a default judgment in the New Jersey action. The estate is definitely a defendant therein, because one of the executors has been served, has entered his appearance and has filed a pleading for the estate. Under New Jersey Statute 3A NJS §12-7, any fiduciary may ". . . be made a party defendant to, any action which is to be commenced in any court of this state, as if his letters had been granted in this state; provided that prior to, pending or subsequent to the action, an exemplified copy of his letters or authority is filed in the office of the clerk of the superior court. . ."

Moreover, New Jersey Statute 3A NJS §12-3, provides:

"In a civil action in any court of this state against 2 or more executors or administrators, such of them as are returned served shall answer to the plaintiff on behalf of all of them.

"If, in such an action, judgment go for plaintiff payable out of the personal property of the decedent, he

shall have the judgment and execution against all the fiduciaries named in the process, to be satisfied out of such personal property."

As interpreted by New Jersey courts where suits in New Jersey are instituted under this law they may be maintained even though the law of the State in which the executor receives his papers provides that the executor cannot sue or be sued in a foreign jurisdiction: Farone v. Habel, 22 N. J. 16, 123 A. 2d 506 (1956), and Jacobs v. Rothstein, 23 N. J. 641, 130 A. 2d 384 (1957).

Hence, whether or not Joseph has been legally served in the New Jersey action, the estate of which he is a coexecutor would appear to be a defendant therein, however unpalatable that may be considering the situs of the estate is in Pennsylvania and in this court. And so it is necessary to defend the estate in the action; that is to say, by proper representation therein, even though Phillip is removed as a coexecutor. While it may be that his successor in office, acting alone or with Joseph, may be able to oust the jurisdiction of the New Jersey court despite the apparent propriety thereof, nevertheless, care must be taken to avoid a decision in that litigation adverse to the best interests of the estate.

Incidentally, the Common Pleas Court of Philadelphia dismissed the suit brought therein by decedent's widow and children. This action was motivated presumably by the existence of the prior suit in New Jersey, although, in the absence of any opinion filed by the Philadelphia court, that is only presumed. If, and only if, the Superior Court of New Jersey dismisses the partnership suit could there be, with safety to the estate, any disregard of the potentialities of that suit.

Accordingly, we enter the following

*Decree*

And now, March 6, 1964, on motion of Shein and Berlant, Esqs., and on consideration of the petition and

answer filed, it is ordered and decreed that (1) Phillip Shein is removed as a coexecutor and cotrustee of the Estate of Howard M. Shein, deceased, and the Hon. John E. Walsh, Jr., Register of Wills, is hereby enjoined from granting letters testamentary or otherwise to Jules Y. Shein or Samuel Shein, named in the will of decedent as succeeding coexecutor and cotrustee in turn to Phillip Shein; (2) Phillip Shein is hereby restrained from taking further action on behalf of the Estate of Howard M. Shein, deceased, in the suit now pending in the Superior Court of New Jersey.