### Roadcap Estate

*Killion & Gephart*, for petitioner.
*Jeffrey Ernico*, contra.

SWOPE, *P. J.*, November 14, 1975—We have before us a petition for the removal of an executor. The pertinent facts follow:

1. Decedent, Iona E. Roadcap, died May 2, 1975, leaving a will which was duly probated. Decedent's son, Medford L. Roadcap, was named executor and letters testamentary were granted on June 30, 1975.

2. On October 29, 1974, decedent was adjudged an incompetent by this court. Fulton Bank was appointed guardian of the estate of Iona E. Roadcap.

3. It has been alleged that, prior to the decree of incompetency, various items of property were transferred from Iona E. Roadcap to Medford L. Roadcap. Subsequent to the decree of incompetency, Fulton Bank, as guardian of the estate of Iona E. Roadcap, filed a complaint against Medford L. Roadcap and his wife, Janice Roadcap, alleging that the aforementioned transfer of property was a product of fraud and undue influence.

4. Due to the death of decedent, the proper party-plaintiff in the previously mentioned suit is the personal representative of decedent's estate.

5. Petitioner, because Medford L. Roadcap would hold the positions of both plaintiff and defendant in the aforesaid suit if he were to remain

as executor, prays that Medford L. Roadcap be removed from his office as executor, that the letters testamentary be revoked, and that Medford L. Roadcap be ordered to file an account.

The court possesses the power to remove a personal representative when "the interests of the estate are likely to be jeopardized by his continuance in office.": Decedents, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, (No. 164), sec. 2, 20 Pa.C.S. 3182(5). A fundamental interest of any estate is an unbiased and unprejudiced determination by the personal representative of claims that the estate may have to property. It is beyond question that this interest is "likely to be jeopardized" when the personal representative, in his individual capacity, holds property in which the estate may have a claim. See Rafferty Estate, 377 Pa. 304, 105 A. 2d 147 (1954); and Quinlan Estate, 441 Pa. 266, 270, 273 A. 2d 340, 342 (1971), in which Rafferty Estate was cited with apparent approval. See also, Furman's Estate, 334 Pa. 238, 5 A. 2d 906 (1939); Sharpless Estate, 209 Pa. 69, 57 Atl. 1128 (1905).

Respondent argues that he should not be removed as executor because the suit brought by the Fulton Bank lacks merit and results from antagonism that exists between decedent's children. Regardless of the truth of this argument, the executor must, nonetheless, be removed. Section 3182(5) of the Decedents, Estates and Fiduciaries Code, supra, does not require a showing that the interests of the estate are definitely jeopardized. That section requires only a likelihood that such interests will be jeopardized. In the case at bar, such a likelihood exists. Therefore, and in view of the foregoing, we make the following

## ORDER

And now, November 14, 1975, the petition of Jack C. Roadcap for the removal of Medford L. Roadcap as executor of the estate of Iona E. Roadcap, deceased, is hereby granted. It is further ordered that the letters testamentary heretofore issued be revoked and that Medford L. Roadcap file an account of his administration in the within estate within 30 days of the date hereof.